KANE PLAZA ASSOCIATES AND NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, PLAINTIFFS v. BRUCE A. CHADWICK, D/B/A CHADWICKS, AND JAMES M. WILLIAMSON, DEFENDANTS

No. COA96-230

(Filed 1 July 1997)

### 1. Negotiable Instruments and Other Commercial Paper § 11 (NCI4th)— order note—payable to agent—sufficiency of allegations

The trial court erred in an action on a note by granting defendant's motion to dismiss for failure to state a claim upon which relief could be granted in an action for amounts due under a note and lease where the issue was the sufficiency of the pleadings as to the standing of plaintiff Kane Plaza to bring an action on the note. Applying the pre-1995 amendment version of Article 3 of the Uniform Commercial Code because the note was executed prior to 1995, the note was made payable to "J. M. Kane & Co. or order" and thus constituted an order note, which may be negotiated by delivery only upon indorsement on the instrument or a firmly attached writing; absent the indorsement, no presumption exists that the holder qualifies as owner. Here, the complaint sufficiently alleged a second lease as a collateral agreement which modified the note between J. M. Kane and defendants pursuant to N.C.G.S. § 25-3-119(1) and which indicated that the holder of the note, J. M. Kane, was a disclosed agent for Kane Plaza. N.C.G.S. § 25-3-110 (1986).

**Am Jur 2d, Bills and Notes § 88.**

### 2. Negotiable Instruments and Other Commercial Paper § 15 (NCI4th)— note and lease—payable to an agent—sufficiency of allegations

A complaint seeking amounts due under a note and lease sufficiently alleged plaintiff Kane Plaza as the real party in interest capable of enforcing payment on a note not endorsed by Kane Plaza, so that Kane Plaza had standing, where a collateral writing

KANE PLAZA ASSOCIATES v. CHADWICK

[126 N.C. App. 661 (1997)]

described J. M. Kane as agent of Kane Plaza and that writing meets the requirements of N.C.G.S. § 25-3-117(a) (1986) for describing an instrument made payable to an agent of a specified person.

**Am Jur 2d, Bills and Notes § 76.**

Appeal by plaintiff Kane Plaza Associates from order entered 2 August 1993 by Judge James R. Strickland in Pitt County Superior Court. Heard in the Court of Appeals 24 October 1996.

*Wyche & Story, by James B. Angell, for plaintiff-appellant Kane Plaza Associates.*

*Ward and Smith, P.A., by Louise W. Flanagan, for plaintiff-appellant Northwestern Mutual Life Insurance Company.*

*Sams & Lassiter, L.L.P., by E. Keen Lassiter, for defendant-appellee Bruce A. Chadwick, d/b/a Chadwick's.*

*Gaylord, Singleton, McNally, Strickland & Snyder, L.L.P., by Danny D. McNally, for defendant-appellee James M. Williamson.*

JOHN, Judge.

Plaintiff Kane Plaza Associates (Kane Plaza) appeals the trial court's 2 August 1993 order pursuant to N.C.R. Civ. P. 12(b)(6) dismissing Kane Plaza's cause of action demanding payment on a promissory note. We reverse the trial court.

Pertinent allegations of Kane Plaza and procedural history are as follows: On or about 1 December 1988, defendants executed a $40,000 promissory note (the note) payable to J. M. Kane & Co. (J. M. Kane) or order. The note recited "assumption of lease by maker," referring to a lease [the original lease] on premises in Pitt County, North Carolina, as a portion of the consideration. The instrument also listed as security the "Security Agreement, UCC Financing Statement, and Lease, as amended, between maker [defendants] as Tenant and Holder [J. M. Kane] as Landlord."

An agreement to assume the lease (the second lease) was executed by J. M. Kane as agent for Kane Plaza in conjunction with the note. The second lease stated it was "deemed to be effective December 1, 1988, by and between KANE PLAZA ASSOCIATES, by and through J. M. KANE & CO., its Managing Agent (hereafter

referred to as 'Landlord'). . . ." The final page of the second lease concluded with provision for the landlord's signature as follows:

LANDLORD:

KANE PLAZA ASSOCIATES

BY:  J. M. KANE & CO., its
     Managing Agent

The third clause of the second lease incorporated the note therein by reference, and stated any default under the note or lease would be deemed default under the second lease, and entitle the "Landlord," specified in the document as "Kane Plaza Associates, by and through J. M. Kane & Co., its Managing Agent," to pursue available remedies under the lease or note.

Defendants allegedly defaulted on the note on or about 1 April 1991, and were notified on or about 1 July 1991 that they were in breach of the second lease. On 19 May 1992, plaintiffs filed the instant action, asserting three causes of action, the first demanding payment under terms of the note and the second and third alleging breach of the second lease. Both the second lease and the note were attached to the complaint and incorporated therein "by reference as if fully set forth."

Defendants filed separate motions 5 August 1992 addressed to Kane Plaza's first claim, asserting Kane Plaza neither appeared as payee on the note nor had the note been assigned to it. Following a hearing, the trial court ruled 2 August 1993 that

the court . . . is of the opinion that the plaintiff is not the holder of the Promissory Note which is the subject of plaintiff's First Claim for Relief and that there is no presumption that the plaintiff is the owner of said Promissory Note and further that the Complaint fails to allege that the plaintiff is the transferee of said Promissory Note by endorsement or otherwise and that the defendants' Motion to Dismiss the First Claim for Relief should be granted.

Following dismissal of Kane Plaza's appeal of that order as interlocutory, *Kane Plaza Assoc. v. Chadwick*, 117 N.C. App. 613, 452 S.E.2d 602 (unpublished), *disc. review denied* 340 N.C. 113, 456 S.E.2d 315 (1995), Kane Plaza voluntarily dismissed its second and third claims 8 November 1995, and subsequently entered notice of appeal 4 December 1995 as to the trial court's 2 August 1993 order of

dismissal. Defendants' motion to dismiss the appeal was denied 20 March 1996.

Kane Plaza assigns error to the trial court's determination it failed to state a claim upon which relief could be granted, and alternatively argues the trial court erred by denying its motion to amend the complaint under N.C.R. Civ. P. 17 (1990) to include J. M. Kane as plaintiff. As we hold in favor of Kane Plaza on the first issue, we do not address its second argument.

A motion to dismiss for failure to state a claim upon which relief may be granted is the proper means to test the legal sufficiency of a pleading. N.C.R. Civ. P. 12(b)(6) (1990); *see Azzolino v. Dingfelder*, 71 N.C. App. 289, 295, 322 S.E.2d 567, 573 (1984), *aff'd in part and reversed in part on other grounds*, 315 N.C. 103, 337 S.E.2d 528 (1985), *cert. denied*, 479 U.S. 835, 93 L. Ed. 2d 75 (1986). In acting on such a motion, the trial court must treat the allegations in the pleading as true. *Id.* In addition, the court must determine whether the complaint states a claim upon which relief might be granted under any theory when liberally construed, *Barnaby v. Boardman*, 70 N.C. App. 299, 302, 318 S.E.2d 907, 909 (1984), *reversed on other grounds*, 312 N.C. 621, 330 S.E.2d 600 (1985), and may dismiss the claim only when the alleged facts would allow no relief as a matter of law. *Alamance County v. Dept. of Human Resources*, 58 N.C. App. 748, 750, 294 S.E.2d 377, 378 (1982).

[1] In its first cause of action, Kane Plaza has sought payment of a promissory note. In order to recover on such an instrument, the party seeking relief must show execution, delivery, consideration, demand, and nonpayment. *Sam Stockton Grading Co. v. Hall*, 111 N.C. App. 630, 632, 433 S.E.2d 7, 8 (1993). Likewise, that party must be a real party in interest, *i.e.*, it must assert legal rights that will be determined by the litigation. *See* N.C.G.S. § 1-57 (1996); N.C.R. Civ. P. 17(a) (1990); *Parnell v. Insurance Co.*, 263 N.C. 445, 448-49, 139 S.E.2d 723, 725 (1965).

In the case *sub judice*, the sole issue on appeal is the sufficiency of the pleadings as to the standing of Kane Plaza to bring an action on the note. We therefore do not address the remaining elements of the action. The parties agree the note was commercial paper regulated by Article 3 of our Uniform Commercial Code, N.C.G.S. § 25-3-101 *et seq.* (1986). Our inquiry is thus further limited to consideration of Kane Plaza's standing as a real party in interest under Article 3.

KANE PLAZA ASSOCIATES v. CHADWICK

[126 N.C. App. 661 (1997)]

We note initially that Article 3 has recently been amended by the General Assembly. *See* N.C.G.S. § 25-3-101 *et seq.* (1995). Because the instrument being construed herein was executed prior to 1995, reference will be made to the previous version of Article 3.

The note was made payable to "J. M. Kane & Co. or order," and thus constituted an order note, N.C.G.S. § 25-3-110 (1986), which may be negotiated by delivery only upon indorsement on the instrument or a firmly attached writing, N.C.G.S. § 25-3-202 (1986). Absent the requisite indorsement, no presumption exists that the holder, even if a transferee, qualifies as owner of the note. G.S. § 25-3-201(3) and Official Comment 8 (1986).

In response to defendants' reliance on the foregoing, Kane Plaza argues its complaint sufficiently alleged indorsement of the note was not necessary by virtue of a collateral writing, *i.e.*, the second lease incorporated into the complaint, naming J. M. Kane an agent of Kane Plaza. Terms of a promissory note may be modified by a separate writing as between the obligor and immediate obligee, providing the collateral agreement is executed as part of the same transaction. N.C.G.S. § 25-3-119(1) (1986); *see also* 5A Ronald A. Anderson, *Anderson on the Uniform Commercial Code* § 3-119:3 and § 3-119:4 (3d ed. 1994 revision); *compare Armstrong v. Colletti*, 276 N.W.2d 364, 366 (Wis. App. 1979) (promissory note and contract executed simultaneously construed together) *with Taco Nacho v. Hasty House Restaurants*, 436 So.2d 403, 404 (Fla. Dist. Ct. App. 1 1983) (lease and promissory note not construed together, notwithstanding express language in each stating default as to one constituted default as to the other, when evidence tended to show instruments were not executed at the same time).

In the case *sub judice*, all terms of the note and the second lease were incorporated into Kane Plaza's complaint. The complaint further alleged, and defendants indeed concede in their answers or admissions, that both instruments were executed as part of the same transaction. The second lease incorporated the note by reference, and the note made reference to the second lease in the sections discussing consideration and security interest. Kane Plaza's complaint, when liberally construed in its favor, *Barnaby*, 70 N.C. App. at 302, 318 S.E.2d at 909, thus sufficiently alleged the second lease was a collateral agreement which modified the note as between J. M. Kane and defendants pursuant to G.S. § 25-3-119(1), and which indicated the holder of the note, J. M. Kane, was a disclosed agent for Kane Plaza. The collateral writing, having modified the note, therefore indicated

for purposes of the trial court's ruling under N.C.R. Civ. P. 12 (b)(6) that J. M. Kane was a disclosed agent for Kane Plaza with reference to the note.

Notwithstanding, defendants point to *Hotel Corp. v. Taylor and Fletcher v. Formans, Inc.*, 301 N.C. 200, 271 S.E.2d 54 (1980) as controlling, insisting that indorsement is the *only* means by which Kane Plaza may properly allege it was a holder of the note. However, *Hotel Corp.* is inapposite in that it involved a summary judgment determination wherein the plaintiffs alleged indorsement was unnecessary because a merger gave the surviving corporation all rights and privileges of the constituent corporations by operation of law, but failed to produce evidence to support this allegation. *Id.* at 204-205, 271 S.E.2d at 58.

**[2]** We next consider whether Kane Plaza's complaint alleging it was a disclosed principal on the note sufficiently alleged Kane Plaza as the real party in interest capable of enforcing payment on a note not indorsed by Kane Plaza.

N.C.G.S. § 25-1-103 (1995) in Article 1 of our Uniform Commercial Code states

[u]nless displaced by the particular provisions of this chapter, the principles of law and equity, including . . . principal and agent, . . . shall supplement its provisions.

Article 3 provides that

[a]n instrument made payable to a named person with the addition of words describing him

(a) as agent or officer of a specified person is payable to his principal but the agent or officer may act as if he were the holder. . . .

N.C.G.S. § 25-3-117 (1986).

In the case *sub judice*, the collateral writing described J. M. Kane as agent of Kane Plaza. We conclude said writing meets the requirements of G.S. § 25-3-117(a) for describing an instrument made payable to an agent of a specified person, and therefore hold the trial court erred in dismissing Kane Plaza's first claim seeking payment from defendants as the immediate obligees under the note as modified by the collateral writing. *See also Jordan v. Tarkington*, 15 N.C. 357, 358 (1833) (under common law, disclosed principal may sue on

note executed by principal's agent); *Skinner v. Transformadora, S. A.,* 252 N.C. 320, 323, 113 S.E.2d 717, 719 (1960) (principal, not agent, is real party in interest in contract action); *Morton v. Thornton,* 259 N.C. 697, 700, 131 S.E.2d 378, 380 (1963) (principal, not agent, real party in interest for collection of assigned sales commission); *Insurance Co. v. Locker,* 214 N.C. 1, 2, 197 S.E. 555, 556 (1938) (landlord, not agent, is real party in interest in ejectment action); and 3 Am. Jur. 2d Agency § 297 (disclosed principal has right to enforce the terms of contract legally entered into by principal's authorized agent). The 2 August 1993 order of the trial court is therefore reversed.

Reversed.

Judges WYNN and McGEE concur.