**FIRST FED. BANK v. ALDRIDGE**

[230 N.C. App. 187 (2013)]

FIRST FEDERAL BANK, Plaintiff
v.
SCOTT D. ALDRIDGE, Defendant

No. COA13-450

Filed 5 November 2013

1. **Negotiable Instruments—promissory notes—collection by third party—right to enforce—not sufficiently alleged**

The trial court properly granted defendant's motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) in an action to enforce promissory notes executed by defendant with a third party bank. Plaintiff's complaint lacked allegations sufficiently particular to indicate plaintiff's right to enforce the instrument.

2. **Civil Procedure—Rule 12(b)(6) dismissal—with prejudice—no abuse of discretion**

The trial court did not abuse its discretion when it granted a Rule 12(b)(6) dismissal with prejudice rather than allowing leave to amend. The record was devoid of any motion by plaintiff to amend its complaint and nothing indicated that plaintiff moved that the dismissal be without prejudice. Plaintiff cannot now claim that the trial court abused its discretion by not offering, *sua sponte*, an opportunity to amend the complaint.

Appeal by plaintiff from order entered 5 November 2012 by Judge Marion R. Warren in Brunswick County District Court. Heard in the Court of Appeals 26 September 2013.

*Smith Debnam Narron Drake Saintsing & Myers, LLP, by Connie Carrigan, and Clawson and Staubes, LLC, by J. Ronald Jones, Jr., for plaintiff-appellant.*

*The Chandler Law Firm, P.A., by John Calvin Chandler, for defendant-appellee.*

HUNTER, JR., Robert N., Judge.

First Federal Bank ("Plaintiff") appeals from an order dismissing its complaint with prejudice pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiff contends that its complaint, which seeks enforcement of two promissory notes, contains sufficient

allegations identifying its right to enforce the instruments. In the alternative, Plaintiff contends that dismissal with prejudice was inequitable and requests a remand with opportunity to amend the complaint. We disagree and affirm the trial court's order.

## I.  Factual & Procedural History

Plaintiff filed a complaint in this action on 26 September 2012 seeking enforcement of two promissory notes executed by Scott D. Aldridge ("Defendant"). Both of these promissory notes, which are attached and incorporated into the complaint by reference, identify Defendant as the borrower and "Cape Fear Bank" as the lender. Plaintiff is not identified in either instrument.

The first note, executed by Defendant on 13 February 2008, required Defendant to pay back a principal loan of $293,727.44 by 20 February 2009 at a five percent interest rate. The second note, executed by Defendant on 17 March 2009, modified the original agreement by extending the due date on the loan by thirteen months. Plaintiff alleges that Defendant is in default under the terms of the agreement, leaving an unpaid balance of $228,830.29, plus interest.

Attached to Plaintiff's complaint was the affidavit of Michael S. Brinson ("Mr. Brinson"), an Asset Recovery Coordinator for Plaintiff. In the affidavit, Mr. Brinson stated that he was "familiar with the books and records of the Plaintiff" and "familiar with the account of [Defendant]," and that Defendant's account was in arrears for the amount of $228,830.29, plus interest. Neither the text of the complaint nor Mr. Brinson's affidavit indicate that Plaintiff Bank had acquired the debt from Cape Fear Bank or was otherwise entitled to it as a holder in due course.

On 23 October 2012, Defendant filed an answer and simultaneously moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of our Rules of Civil Procedure. Following a hearing, the trial court dismissed Plaintiff's complaint with prejudice. The record does not contain any evidence that Plaintiff sought to amend the complaint during the hearing or afterward.

## II.  Jurisdiction

Plaintiff's appeal from the district court's final order granting Defendant's motion to dismiss lies of right to this Court pursuant to N.C. Gen. Stat. § 7A-27(c) (2011).

## III.  Analysis

Plaintiff's appeal presents two questions for our review. First, whether the trial court erred in granting Defendant's motion to dismiss. Second, if the dismissal was proper, whether the trial court erred by dismissing Plaintiff's complaint with prejudice.

### A.  Defendant's 12(b)(6) Motion to Dismiss

[1] At issue with respect to Defendant's motion to dismiss is whether the allegations of Plaintiff's complaint demonstrate Plaintiff's right to enforce promissory notes executed by Defendant with a third party bank. Plaintiff contends that the allegations are sufficient under the notice pleading standard of N.C. R. Civ. P. 8 and that any ambiguity in the complaint should be resolved through discovery. We disagree.

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). " 'On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted.' " *Allred v. Capital Area Soccer League, Inc.*, 194 N.C. App. 280, 282, 669 S.E.2d 777, 778 (2008) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)). Accordingly, we must consider Plaintiff's complaint "to determine whether, when liberally construed, it states enough to give the substantive elements of a legally recognized claim." *Governors Club, Inc. v. Governors Club Ltd. P'Ship*, 152 N.C. App. 240, 246, 567 S.E.2d 781, 786 (2002) (internal citations omitted), *aff'd per curiam*, 357 N.C. 46, 577 S.E.2d 620 (2003).

Evidence that a plaintiff is the holder of a promissory note, or has otherwise acquired the rights of the holder, is an "essential element of a cause of action upon such note." *Liles v. Myers*, 38 N.C. App. 525, 528, 248 S.E.2d 385, 388 (1978); accord N.C. Gen. Stat. § 25-3-301 (2011). *See also Kane Plaza Assocs. v. Chadwick*, 126 N.C. App. 661, 664, 486 S.E.2d 465, 467 (1997) (stating that the party seeking enforcement of a promissory note "must be a real party in interest, *i.e.*, it must assert legal rights that will be determined by the litigation"). The "holder" of a negotiable instrument is defined as:

> a.  The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;

b.  The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or

c.  The person in control of a negotiable electronic document of title.

N.C. Gen. Stat. § 25-1-201(21) (2011).

When the plaintiff is the payee of a promissory note that has been attached to the complaint, he is not required to allege in his complaint that he is the holder of the note because "[t]he payee or endorsee of a note is the *prima facie* owner and holder." *Deloatch v. Vinson*, 108 N.C. 147, 148, 12 S.E. 895, 896 (1891).[1] However, when the plaintiff is not the payee, he "must aver the facts showing the execution of the note and the assignment or other transfer to himself." *Id.* at 150, 12 S.E. at 896.

For example, in *Kane Plaza*, the trial court dismissed the plaintiff's complaint in an action to enforce a promissory note on the ground that the complaint failed to allege that the plaintiff was the holder of the note. *Kane Plaza*, 126 N.C. App. at 663, 486 S.E.2d at 466. On appeal, this Court reversed because, although the note did not indicate the plaintiff was the payee, an additional agreement indicating that the payee was a disclosed agent of the plaintiff with respect to the note was attached and incorporated into the complaint. *Id.* at 665-66, 486 S.E.2d at 467-68.

Here, both promissory notes identify "Cape Fear Bank" as the payee, not Plaintiff. The instruments are payable to the order of Cape Fear Bank, not to the bearer of the instrument. Moreover, Plaintiff did not allege in the body of its complaint that it was the payee on the notes or that it acquired the right to enforce the notes. While Mr. Brinson's affidavit indicates that Plaintiff was aware of the status of Defendant's account, it likewise failed to establish Plaintiff's standing to collect on the outstanding debt.

Plaintiff points to the liberal nature of notice pleading and argues that "[c]ommon knowledge exists that loans and extensions of credit are transferred between lenders utilizing various methods" and that "[a]ny ambiguity in the Complaint would have been readily explained in the discovery process." Even so, neither of these factors negate Plaintiff's obligation under N.C. R. Civ. P. 8 to draft a complaint that is sufficiently particular to show that Plaintiff is entitled to relief. *See Sutton v. Duke*,

---

1. Although *Deloatch* was decided under the former "code pleading" standard, we find it instructive here.

277 N.C. 94, 105, 176 S.E.2d 161, 167 (1970) (stating that "no amount of liberalization should seduce the pleader into failing to state enough to give the substantive elements of his claim" (internal quotation marks and citation omitted)). To enforce a promissory note, a plaintiff must allege facts sufficiently particular to indicate the plaintiff's right to enforce the instrument. Accordingly, because Plaintiff's complaint is missing this essential element, we hold that dismissal pursuant to Rule 12(b)(6) was proper.

## B. Order of Dismissal with Prejudice without Leave to Amend

[2] Given our decision to affirm the trial court's dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6), we now reach Plaintiff's second contention, namely, that the trial court erred by dismissing the complaint with prejudice. Specifically, Plaintiff argues that a dismissal with prejudice produces an "extreme" and "inequitable" result and that the trial court should have granted Plaintiff leave to amend its complaint.

The decision to dismiss an action with or without prejudice is in the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Trent v. River Place*, LLC, 179 N.C. App. 72, 77, 632 S.E.2d 529, 533 (2006). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

With respect to the amendment of pleadings, the North Carolina Rules of Civil Procedure provide that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. R. Civ. P. 15(a). However, when the plaintiff completely fails to make any effort to amend the pleading, take a voluntary dismissal, or move that the complaint be dismissed without prejudice, the trial court does not abuse its discretion in dismissing the complaint with prejudice. *Johnson v. Bollinger*, 86 N.C. App. 1, 9, 356 S.E.2d 378, 383 (1987).

In *Johnson*, the plaintiff filed a defective complaint seeking damages for intentional infliction of emotional distress. *Id.* at 2, 356 S.E.2d at 379-80. Without any attempt by the plaintiff to amend the complaint, the trial court dismissed the complaint with prejudice under Rule 12(b)(6). *Id.* at 2, 356 S.E.2d at 380. On appeal, the plaintiff made a similar argument to the one at issue here to the effect that the trial court should have, *sua sponte*, given the plaintiff leave to amend the complaint. *Id.* at

7, 356 S.E.2d at 382. Addressing the trial court's failure to provide leave to amend, this Court said:

> As plaintiff failed to take any action to amend his complaint either before or after its dismissal, he cannot now complain. he lacked adequate opportunity to amend his complaint. After dismissal of plaintiff's complaint under Rule 12(b)(6), the trial court was no longer empowered to grant plaintiff leave to amend under Rule 15(a): To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.

*Id.* at 7-8, 356 S.E.2d at 382 (quotation marks and citation omitted). Moreover, and with regard to the trial court's decision to dismiss the complaint with prejudice, this Court said:

> Since the dismissal order operates as an adjudication on the merits unless the order specifically states to the contrary, the party whose claim is being dismissed has the burden to convince the court that the party deserves a second chance; thus, the party should move the trial court that the dismissal be without prejudice.

*Id.* at 9, 356 S.E.2d at 383. As the plaintiff in *Johnson* failed to make any such motion, this Court held that dismissing the complaint with prejudice was not an abuse of discretion. *Id.*

Here, the record is devoid of any motion by Plaintiff to amend its complaint. Furthermore, there is nothing in the record indicating that Plaintiff moved that the dismissal be without prejudice. Consistent with our decision in *Johnson*, Plaintiff cannot now claim that the trial court abused its discretion by not offering Plaintiff, *sua sponte*, an opportunity to amend the complaint. Accordingly, we hold that the trial court did not abuse its discretion when it dismissed Plaintiff's complaint with prejudice.

## IV. Conclusion

For the foregoing reasons, we affirm the order of the trial court in its entirety.

Affirmed.

Judges ERVIN and DAVIS concur.