An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1168

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

ELIZABETH S. MCGILL DAVIS,
    Plaintiff,

v.

GARY EDWARD DAVIS, WANDA SUE
BENNETT, DONNA THOMAS, BRIAN
GRAF, JR., AND CHRIS GRAF,
    Defendants.

Onslow County
No. 12 CVS 4163

Appeal by plaintiff from order entered 1 August 2013 by Judge Jack Jenkins in Onslow County Superior Court. Heard in the Court of Appeals 3 February 2014.

> *George Collins, PA, by George L. Collins, for plaintiff-appellant.*

> *Mewborn & DeSelms, Attorneys at Law, by Brett J. DeSelms, for defendants-appellees.*

HUNTER, JR., Robert N., Judge.

Plaintiff Elizabeth S. McGill Davis ("Plaintiff") appeals from a 1 August 2013 order granting a motion to dismiss under N.C. R. Civ. P. 12(b)(6) in favor of Gary Edward Davis, Wanda Sue Bennett, Donna Thomas, Brian Graf, Jr., and Chris Graf (collectively "Defendants"). After careful review, we affirm.

## I. Facts & Procedural History

Plaintiff filed a complaint against Defendants on 22 October 2012 seeking one-half of gross rents collected on "rental property" owned by her deceased husband, Virgil E. Davis ("Virgil"). Plaintiff and Virgil entered into a pre-marital agreement (the "Agreement") on 5 April 2011, which was attached to the Complaint. The Agreement includes a handwritten clause under Section VI which says

> If at my death, [Plaintiff] so desires to continue to live in my home at 263 Batchelor Rd. Richlands, NC, until her death, or she remarries, she may do so provided she does not cohabit with another man. [Plaintiff] will also receive one half of rental income from rental property under same conditions as stated above.

Virgil passed away on 9 October 2011. Plaintiff recorded the Agreement in the Onslow County Register of Deeds Office on 4 November 2011.

The complaint alleged that "Defendants have refused to pay rents to Plaintiff subsequent to April 2012 contrary to her entitlement to one-half (1/2) of rental income as stated in the Agreement." The complaint also alleged that Plaintiff was "entitled to one-half (1/2) of the rents collected each month without reduction for depreciation and expenses."

Defendant Gary Davis filed a motion to dismiss pursuant to

N.C. R. Civ. P. 12(b)(6) on 30 October 2012 and defendants Wanda Sue Bennett, Donna Thomas, Brian Graf, Jr., and Chris Graf filed a motion to dismiss on 2 November 2012. Defendants provided Plaintiff with notice of hearing for both motions to dismiss on 28 June 2013. The trial court dismissed Plaintiff's complaint with prejudice on 1 August 2013. Plaintiff filed timely notice of appeal on 6 August 2013.

## II. Jurisdiction & Standard of Review

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2013), as Plaintiff appeals from a final order of the superior court as a matter of right.

The only issue on appeal is whether Plaintiff's complaint is sufficient under the notice pleading standard of N.C. R. Civ. P. 8 to survive a Rule 12(b)(6) motion. "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). "'On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted.'" *Allred*

*v. Capital Area Soccer League, Inc.*, 194 N.C. App. 280, 282, 669 S.E.2d 777, 778 (2008) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)). Thus, we must consider Plaintiff's complaint "to determine whether, when liberally construed, it states enough to give the substantive elements of a legally recognized claim." *Governors Club, Inc. v. Governors Club Ltd. P'ship.*, 152 N.C. App. 240, 246, 567 S.E.2d 781, 786 (2002) (internal citations omitted), *aff'd per curiam*, 357 N.C. 46, 577 S.E.2d 620 (2003).

Under *de novo* review, we examine the case with new eyes. "The word *de novo* means fresh or anew; for a second time, and an appeal *de novo* is an appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings." *Parker v. Glosson*, 182 N.C. App. 229, 231, 641 S.E.2d 735, 737 (2007) (quotation marks and citations omitted).

## III. Analysis

Dismissal of a claim under Rule 12(b)(6) is proper when one of the three following conditions is satisfied: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the

complaint discloses some fact that necessarily defeats the plaintiff's claim." *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428-29 (2007).

At its core, the present dispute concerns a pre-marital contract between Virgil and Plaintiff and whether or not its terms may be enforced against Defendants. However, "[a]s a general matter, a contract must be sufficiently definite in order that a court may enforce it." *Brooks v. Hackney*, 329 N.C. 166, 170, 404 S.E.2d 854, 857 (1991). "Furthermore, to be binding, the terms of a contract must be definite and certain or capable of being made so; the minds of the parties must meet upon a definite proposition." *Elliott v. Duke University, Inc.*, 66 N.C. App. 590, 596, 311 S.E.2d 632, 636, *disc. rev. denied*, 311 N.C. 754, 321 S.E.2d 132 (1984). Contracts describing property must be described with some particularity to be enforceable. *See Snug Harbor Prop. Owners Ass'n v. Curran*, 55 N.C. App. 199, 204, 284 S.E.2d 752, 755 (1981).

These principles apply to pre-marital agreements. N.C. Gen. Stat. § 52B-2 (2013) (defining a pre-marital agreement as an "agreement"); *Turner v. Turner*, 242 N.C. 533, 539, 89 S.E.2d 245, 249 (1955) ("The principles of construction applicable to antenuptial contracts and to contracts generally are the

same."). While pre-marital agreements do not require consideration to be valid, pre-marital agreements require the other elements of construction inherent in contract law. N.C. Gen. Stat. § 52B-3 (2013); *Howell v. Landry*, 96 N.C. App. 516, 525, 386 S.E.2d 610, 615 (1989). Pre-marital agreements may convey property upon the death of one of the parties to the agreement. N.C. Gen. Stat. § 52B-4(a)(3) (2013).

Here, the complaint and its appended pre-marital agreement do not describe with any particularity the "rental property" at issue. Paragraph I(A) states that the parties to the contract, Virgil and Plaintiff, release "any claim of the other Party, upon separation or otherwise, without regard to any time or effort invested during the course of the marriage in the maintenance, management, or improvement of the Separate Property." Virgil's separate property listed under Schedule A[1] of the Agreement includes his home at 263 Batchelor Rd., several mobile homes located on Batchelor Rd., 110 acres of land, a pickup truck, a van, two other cars, two lawnmowers, two farm tractors, two bank accounts, stocks, a life insurance policy, a retirement account, and a 401(k) account.

---

[1] Schedule A includes a subtitle of "Separate Property and Financial Disclosure of Husband-to-Be."

Virgil also handwrote an "additional clause" into Section VI of the Agreement which said:

> If at my death, [Plaintiff], so desires to continue to live in my home at 263 Batchelor Rd. Richlands, NC, until her death, or she remarries, she may do so, provided she does not cohabit with another man. Sue will also receive one half of rental income from rental property under same conditions as stated above.[2]

At no point within the pre-marital agreement or the complaint is "rental property" identified. Reading Sections I(A) and VI together, Plaintiff could only feasibly claim a right to rental income produced by properties besides those listed in Schedule A, which are explicitly identified as separate property. However, the property outside of the separate property is never identified in either the complaint or the Agreement. As such, "rental property" may not be identified based on the face of the complaint, meaning the complaint contained an "absence of facts sufficient to make a good claim." *Burgin*, 181 N.C. App. at 512, 640 S.E.2d at 428–29.

In addition, the complaint contains no statement showing why Defendants are the proper parties against whom suit should be brought. The complaint contains only the names of each

---

[2] We also note that Plaintiff was represented by counsel in the drafting of the pre-marital agreement, while Virgil was not.

defendant and the counties where they live. The complaint does not state that Defendants are Virgil's heirs at law or legatees. Lacking this information, no chain of ownership showing the nexus between the "rental property" and any of the defendants, whether possessed for rental income producing purposes or not, is provided. Even if Plaintiff's complaint included a sufficient description of the rental property, the complaint made no attempt to describe Defendants' ownership interests in it or their duty to pay rents to Plaintiff.

Accordingly, Plaintiff's complaint does not include enough facts "to give the substantive elements of a legally recognized claim," *Governors Club*, 152 N.C. App. at 246, 567 S.E.2d 781 at 786, and dismissal under Rule 12(b)(6) was proper.

"The decision to dismiss an action with or without prejudice is in the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *First Fed. Bank v. Aldridge*, ___ N.C. App. ___, ___, 749 S.E.2d 289, 292 (2013). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). The North Carolina Rules of Civil Procedure provide that "[a]

party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. R. Civ. P. 15(a). "[W]hen the plaintiff completely fails to make any effort to amend the pleading, take a voluntary dismissal, or move that the complaint be dismissed without prejudice, the trial court does not abuse its discretion in dismissing the complaint with prejudice." *First Fed. Bank*, ___ N.C. App. at ___, 749 S.E.2d at 292.

Here the record lacks evidence showing that Plaintiff attempted to amend her complaint prior to Defendants filing their answer or evidence that Plaintiff moved that dismissal of her claim be without prejudice. As we held in *First Federal Bank*, Plaintiff cannot "claim that the trial court abused its discretion by not offering Plaintiff, *sua sponte*, an opportunity to amend the complaint." *Id.* at ___, 749 S.E.2d at 293. Plaintiff did not raise this issue below or on appeal. As such, we do not address it further. *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) ("It is not the role of the appellate courts, however, to create an appeal for

an appellant.").

## IV. Conclusion

For the reasons stated above, the decision of the trial court is

AFFIRMED.

Chief Judge MARTIN and Judge ELMORE concur.

Report per Rule 30(e).