Miriam Equities, LLC v. LB-UBS 2007-C2 Millstream Rd., LLC, 2020 NCBC 2.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

MIRIAM EQUITIES, LLC, a New
Jersey Limited Liability Company,

        Plaintiff,

    v.

LB-UBS 2007-C2 MILLSTREAM
ROAD, LLC, a North Carolina Limited
Liability Company,

        Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 8523

**ORDER AND OPINION ON THE
MOTION TO DISMISS**

1. THIS MATTER arises from the motion to dismiss claims related to a dispute over the purchase of real property (the "Motion"). Following Plaintiff's partial voluntary dismissal of its Amended Complaint, the only remaining claim challenged by the Motion is one for unjust enrichment. For the reasons stated below, the Court GRANTS the Motion with respect to Plaintiff's unjust enrichment claim WITHOUT PREJUDICE.

*Maitland & English Law Firm, PLLC, by Robert Maitland, for Plaintiff.*

*Kilpatrick Townsend & Stockton LLP, by James Heath Pulliam and Elizabeth Winters, for Defendant LB-UBS 2007-C2 Millstream Road, LLC.*

Gale, Judge.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

2. Plaintiff initiated this action on September 13, 2019, (*see* Verified Compl. ("Compl."), ECF No. 3), and subsequently amended its Complaint on October 21, 2019, stating claims for "specific performance," "declaratory judgment," "unjust

enrichment," "breach of contract," and "constructive or equitable lien," (*see* Am. Verified Compl. ("Am. Compl."), ECF No. 5).

3.    The central contention driving Plaintiff's claims is that Defendant LB-UBS 2007-C2 Millstream Road, LLC ("Millstream Road, LLC") breached a contract between the parties for the sale of real property (the "Property"). According to the Amended Complaint, Plaintiff paid a one-million-dollar deposit in accordance with the terms of that contract, (Am. Compl. ¶ 9), Millstream Road, LLC frustrated the closing by refusing to allow Plaintiff to enter the Property to conduct site inspections and investigations as it was required to under the contract, (Am. Compl. ¶ 10), and Millstream Road, LLC then purported to terminate the contract, informing Plaintiff that it was in default for failing to close in a timely manner, (Am. Compl. ¶ 11). Millstream Road, LLC later agreed to reinstate the contract for an additional fee but continued to rebuff Plaintiff's efforts to close on the Property. (Am. Compl. ¶¶ 12–14.)

4.    This case was designated as a mandatory complex business case on November 1, 2019, (Designation Order, ECF No. 1), and assigned to the undersigned on the same day, (Assignment Order, ECF No. 2).

5.    Defendants answered Plaintiff's Amended Complaint on November 4, 2019, preserving objections under Rule 12 of the North Carolina Rules of Civil Procedure ("Rule(s)"). (Answer, ECF No. 7.) Defendants filed the Motion on November 12, 2019, moving to dismiss all claims against now former Defendants LNR Partners LLC ("LNR Partners") and U.S. Bank N.A., as Trustee for the

Registered Holders of LB-UBS Commercial Mortgage Trust 2007-C2, Commercial Mortgage Pass-Through Certificates, Series 2007-C2 ("U.S. Bank"), and Plaintiff's claims for specific performance, unjust enrichment, and constructive or equitable lien. (Mot. Dismiss Pl.'s Verified Am. Compl., ECF No. 8.)

6. On December 6, 2019, Plaintiff filed a voluntary dismissal without prejudice, dismissing all claims against LNR Partners and U.S. Bank, and all claims against remaining Defendant Millstream Road, LLC except the claims for declaratory judgment, unjust enrichment, and breach of contract. (Voluntary Dismissal Without Prejudice, ECF No. 11.)

7. The only remaining claim challenged by Defendant's Motion is the one for unjust enrichment. Plaintiff did not respond to Defendants' Motion and the Court took the Motion under advisement without holding a hearing.[1] The matter is now ripe for determination.

## II. STANDARD OF REVIEW

8. When ruling on a Rule 12(b)(6) motion, a court inquires "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citing *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979)). A court must construe the allegations in the pleading "in the light most favorable to the non-moving

---

[1] Because Plaintiff did not respond to the Motion, it is deemed unopposed under this Court's local rules. *See* BCR 7.6. That the Motion was unopposed is not the basis for the Court's decision.

party[,]" *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370 N.C. 1, 5, 802 S.E.2d 888, 891 (2017) (quoting *Kirby v. N.C. Dep't of Transp.*, 368 N.C. 847, 852, 786 S.E.2d 919, 923 (2016)), but is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)).

9.      Dismissal of a claim pursuant to Rule 12(b)(6) is therefore only proper "(1) when the complaint on its face reveals that no law supports [the] claim; (2) when the complaint reveals on its face the absence of fact[s] sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the . . . claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985) (citing *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981)); *see Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970) (stating dismissal is not appropriate "unless it appears to a certainty that [the] plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim" (original emphasis omitted)).

## III.    ANALYSIS

10.     "The general rule of unjust enrichment is that where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to pay a fair compensation therefor." *Atl. Coast Line R.R. Co. v. State Highway Comm'n*, 268 N.C. 92, 95–96, 150 S.E.2d 70, 73 (1966) (citing *Beacon Homes, Inc. v. Holt*, 266 N.C. 467, 472, 146

S.E.2d 434, 438 (1966)). Therefore, "[i]f there is a contract between the parties, the contract governs the claim and the law will not imply a contract." *Se. Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 330–31, 572 S.E.2d 200, 206 (2002) (citing *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 714, 124 S.E.2d 905, 908 (1962)).

11.    Plaintiff avers that Defendants were unjustly enriched because they retained the one-million-dollar deposit after breaching the contract for the sale of the Property as well as the subsequent Contract to Reinstate. (*See* Am. Compl. ¶¶ 34–39.)

12.    The Amended Complaint therefore makes plain that the disputed one-million-dollar deposit is a term governed by an express contract for the sale of the Property. (*See, e.g.*, Am. Compl. ¶ 34 ("The parties had a valid and binding Contract for the Purchase of the Property."), ¶ 9 ("Plaintiff paid the $1,000,000.00 deposit by May 22, 2019 in accordance with the terms of the contract.").)[2] Defendants also admitted that the dispute is governed by an express contract in their Answer to the First Amended Complaint. (*See* Answer ¶ 43 ("[I]t is admitted that the Plaintiff and [Millstream Road, LLC] entered into a valid and binding contract.").)

13.    While unjust enrichment may be pleaded alternatively to breach of contract in certain instances, *see, e.g.*, *Sparrow Sys., Inc. v. Private Diagnostic Clinic, PLLC*, 2014 NCBC LEXIS 70, at *23 n.4 (N.C. Super. Ct. Dec. 24, 2014) ("[A]lthough Plaintiff will not ultimately be able to recover under both an express and implied contract theory, Plaintiff is not foreclosed from properly pleading these claims in the

---

[2] Plaintiff also attached the contract to the original Complaint. (*See* Compl. 14–84.)

alternative in its Complaint."), here, Plaintiff did not plead unjust enrichment in the alternative, the parties agree that the purchase of the Property is governed by an express contract, and Plaintiff alleges no facts in support of its unjust enrichment claim independent of that contract.

14.    The unjust enrichment claim, as presently pleaded, should therefore be dismissed.  *See McManus v. GMRI, Inc.*, No. 3:12-CV-009-DCK, 2012 U.S. Dist. LEXIS 92094, at *24–26 (W.D.N.C. July 3, 2012) (dismissing unjust enrichment claim under North Carolina law where it was not pleaded in the alternative, plaintiff pleaded express contract, and answer admitted existence of express contract); *KNC Techs., LLC v. Tutton*, 2019 NCBC LEXIS 72, at *35–37 (N.C. Super. Ct. Oct. 9, 2019) (dismissing unjust enrichment claim where allegations of benefit conferred were predicated on existence of an express contract); *Krieger v. Johnson*, 2014 NCBC LEXIS 13, at *7–9 (N.C. Super Ct. Apr. 30, 2014) (dismissing unjust enrichment claim where plaintiff alleged that defendant was unjustly enriched by receiving excessive compensation under an express contract).

15.    The decision whether to dismiss a claim with or without prejudice is one vested in the sound discretion of the trial court.  *First Fed. Bank v. Aldridge*, 230 N.C. App. 187, 191, 749 S.E.2d 289, 292 (2013).  The Court concludes, in the exercise of its discretion, that dismissal of Plaintiff's unjust enrichment claim should be without prejudice.

## IV.    CONCLUSION

16.    WHEREFORE, for the reasons stated above, the Court hereby GRANTS Defendants' Motion and dismisses Plaintiff's unjust enrichment claim WITHOUT PREJUDICE to Plaintiff later asserting, if appropriate, an unjust enrichment claim independent of its contract claim.

SO ORDERED, this the 9th day of January, 2020.


/s/ James L. Gale
_____
James L. Gale
Senior Business Court Judge