Best Logistics Grp., Inc. v. Bravo, 2026 NCBC 46.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV025484-400

BEST LOGISTICS GROUP, INC. and
BEST SERVICES GROUP, INC.,

Plaintiffs,

v.

CHRISTIAN NEIRA BRAVO and
BARRY CARSON,

Defendants.

**ORDER AND OPINION ON
PARTIAL MOTION TO DISMISS**

*Rossabi Law PLLC, by Amiel J. Rossabi, for Plaintiffs Best Logistics
Group, Inc. and Best Services Group, Inc.*

*Williams Mullen, by Michael C. Lord and Lewis H. Hallowell, for
Defendants Christian Neira Bravo and Barry Carson.*

Conrad, Judge.

1.     Plaintiffs Best Logistics Group, Inc. and Best Services Group, Inc. (together,

"Best Logistics") are related companies in the transportation industry. Defendants

Christian Neira Bravo and Barry Carson used to work for Best Logistics but resigned

in October 2025 to join a competitor. According to Best Logistics, Bravo and Carson

took trade secrets and confidential information with them and are using that

information to help their new employer compete unfairly. Along with a claim for

misappropriation of trade secrets, the amended complaint claims that Bravo and

Carson breached restrictive covenants in their employment agreements, tortiously

interfered with Best Logistics' existing and prospective contracts, and engaged in

unfair or deceptive trade practices under N.C.G.S. § 75-1.1. The amended complaint

also includes a purported standalone cause of action for injunctive relief. (*See, e.g.,* Am. Compl. ¶¶ 2, 3, 6–8, 15, 22, 32, 35–41, 44–50, 58, 62, 63, 81, ECF No. 28.)

2. Bravo and Carson have moved to dismiss some, but not all, of the asserted claims under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. (*See* ECF No. 64.) The motion has been fully briefed. In addition, during briefing, Best Logistics voluntarily dismissed its claim for breach of contract against Carson, thus mooting the motion as to that claim. (ECF No. 75.) In its discretion, the Court concludes that a hearing would not aid its decision and therefore elects to rule on the briefs. *See* BCR 7.4.

3. In deciding the motion, the Court applies familiar standards, taking the allegations of the amended complaint as true and viewing the facts and permissible inferences in the light most favorable to Best Logistics. *See, e.g., Sykes v. Health Network Sols., Inc.*, 372 N.C. 326, 332 (2019). But the Court need not accept as true any "conclusions of law or unwarranted deductions of fact." *Wray v. City of Greensboro*, 370 N.C. 41, 46 (2017) (citation and quotation marks omitted).

4. **<u>Nonsolicitation of Employees.</u>** Best Logistics claims that Bravo breached his employment agreement's restriction on solicitation of its employees. But the allegations supporting that claim are threadbare. Although the amended complaint alleges that *Carson* successfully solicited six employees to leave Best Logistics, it contains no similar allegations concerning *Bravo*. (*See* Am. Compl. ¶ 23.) Nothing in the pleading suggests that Carson's acts are attributable to Bravo. And the only paragraph that could be construed to allege that Bravo improperly solicited

employees is conclusory and does not even refer to him by name, instead grouping him with Carson as "Defendants." (Am. Compl. ¶ 32.) This is far from sufficient to state a claim for relief. *See, e.g., Barings LLC v. Fowler*, 2025 NCBC LEXIS 18, at *9 (N.C. Super. Ct. Feb. 13, 2025) (dismissing conclusory allegations of breach of nonsolicitation clause). Because Best Logistics has already amended its complaint, the Court dismisses this claim with prejudice. *See First Fed. Bank v. Aldridge*, 230 N.C. App. 187, 191 (2013) ("The decision to dismiss an action with or without prejudice is in the discretion of the trial court . . . .").

5. **<u>Nonsolicitation of Customers.</u>** Best Logistics also claims that Bravo breached his employment agreement's restriction on solicitation of its customers. Bravo moves to dismiss this claim on the ground that the customer nonsolicitation clause is facially overbroad and therefore unenforceable. Having carefully considered the argument, the Court concludes that the enforceability of Bravo's customer nonsolicitation clause is an issue better suited to summary judgment. *See, e.g., Mkt. Am., Inc. v. Lee*, 257 N.C. App. 98, 110 (2017) ("[A] ruling on the enforceability of such an agreement cannot be made at the pleadings stage in cases where evidence is needed to show the reasonableness of the restrictions contained therein."); *InVue Sec. Prods., Inc. v. Stein*, 2017 NCBC LEXIS 115, at *16 (N.C. Super. Ct. Dec. 18, 2017) (denying motion to dismiss when enforceability could not be determined from pleadings alone); *Sandhills Home Care, L.L.C. v. Companion Home Care – Unimed, Inc.*, 2016 NCBC LEXIS 61, at *27–28 (N.C. Super. Ct. Aug. 1, 2016) (same). The Court therefore denies the motion to dismiss this claim.

6. **Tortious Interference Claims.** A claim for tortious interference with contract arises when a person induces a third party "not to perform" under an existing contract with the plaintiff. *United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 661 (1998) (citation and quotation marks omitted). Similarly, a claim for tortious interference with prospective economic advantage arises when a person induces a third party "not to enter a contract with" the plaintiff when the contract would have resulted "but for the interference." *Dalton v. Camp*, 353 N.C. 647, 654 (2001) (citation and quotation marks omitted). Here, Best Logistics has not alleged that any customer failed to perform an existing contract. Nor has it identified any contract that would have ensued absent interference by Bravo or Carson. The allegations are vague, conclusory, and inadequate to state a claim. *See, e.g.*, *MarketPlace 4 Ins., LLC v. Vaughn*, 2023 NCBC LEXIS 31, at \*37 (N.C. Super. Ct. Feb. 24, 2023) (dismissing tortious-interference claim based on threadbare allegations); *Gateway Mgmt. Servs. v. Carrbridge Berkshire Grp., Inc.*, 2018 NCBC LEXIS 45, at \*26 (N.C. Super. Ct. May 9, 2018) (same); *Sec. Camera Warehouse, Inc. v. Bowman*, 2017 NCBC LEXIS 39, at \*22 (N.C. Super. Ct. May 1, 2017) (same). These claims are dismissed with prejudice.

7. **Section 75-1.1.** The section 75-1.1 claim is a catchall claim premised on Best Logistics' other asserted claims. Bravo and Carson concede that the claim may proceed to the extent that it is based on allegations of trade-secret misappropriation, but they contend that the claim may not proceed on other grounds. The claims for breach of Carson's employment agreement, breach of the employee nonsolicitation clause in Bravo's employment agreement, and tortious interference with existing and

prospective contracts cannot support the section 75-1.1 claim because they have been dismissed, either voluntarily by Best Logistics or by the Court. *See Whalen v. Tuttle*, 2024 NCBC LEXIS 146, at *14–15 (N.C. Super. Ct. Nov. 19, 2024) (dismissing "catchall" section 75-1.1 claim predicated on other claims that had been dismissed). In addition, Best Logistics' allegation that Bravo and Carson "made false representations of material fact" to its customers is wholly conclusory. (Am. Compl. ¶ 63.) Accordingly, the only viable predicates for this claim are the allegations related to misappropriation of trade secrets and breach of the customer nonsolicitation clause in Bravo's employment agreement. The Court therefore dismisses the section 75-1.1 claim except to the extent that it is based on these allegations.

8. **Injunctive Relief.** "[I]njunctions are remedies, not independent causes of action." *Brewster v. Powell Bail Bonding, Inc.*, 2018 NCBC LEXIS 76, at *18 (N.C. Super. Ct. July 26, 2018). The Court therefore dismisses Best Logistics' purported standalone cause of action for injunctive relief, without prejudice to its right to pursue that relief as a remedy at the appropriate time.

\*     \*     \*

9. For these reasons, the Court **GRANTS** in part and **DENIES** in part the motion to dismiss as stated above.

**SO ORDERED**, this the 8th day of May, 2026.


                           /s/ Adam M. Conrad
                           Adam M. Conrad
                           Special Superior Court Judge
                            for Complex Business Cases