### R. H. DELOATCH v. J. C. VINSON.

*Sham Pleading—Answer—Issue—Endorsement.*

To a complaint by an executor, in which the execution by the defendant of the bond sued on, the death of the obligee, the appointment and qualification of the plaintiff, and that no payment had been made, were duly averred, the defendant answered that he was informed and believed that the plaintiff was not the owner of the bond at the time of the commencement of the action: *Held,* (1) that the answer was a sham and irrelevant, and, on motion, was properly stricken from the record; (2) where a party sets up the defence that the plaintiff is not the real owner of the instrument put in suit, he must state in his answer the facts upon which he relies to establish the ownership in some other person; (3) the payee or endorsee of a note is *prima facie* the owner and holder, and it is unnecessary that he should make such an allegation in his complaint.

CIVIL ACTION, tried, upon motion to strike out answer, at Fall Term, 1890, of NORTHAMPTON Superior Court, *Womack, J.,* presiding.

The plaintiff alleges in his complaint, which is verified, the execution of the bond sued on, the death of the obligee, the appointment and qualification of plaintiff as executor, and that no payment has been made on the bond. These allegations are not denied.

The defendant, as his sole answer, says " that he is informed and believes that the plaintiff is not the owner of the bond described in his complaint, and was not the owner thereof at the commencement of this action." The Court, being of opinion that this was a sham and irrelevant plea, directed the answer to be stricken out, and rendered judgment for the amount of the bond and interest, according to the complaint. Defendant appealed.

*Mr. R. O. Burton, Jr.*, for plaintiff.
*Messrs. Winborne & Bro.* (by brief), for defendant.

CLARK, J.: The answer of the defendant put no fact in issue, and was but a legal conclusion from facts which should have been, but were not, stated. Such illogical pleading is not allowed by *The Code.* It requires, first, that the plaintiff shall state the facts upon which he relies; and second, that the defendant shall deny each allegation to be controverted by him. The allegation controverted must be the statement of a fact; hence, in making an issue, he has nothing to do with legal conclusions. Thus, a denial that the plaintiff is entitled to the sum demanded by him, or any part thereof, puts in issue no fact, and is but the denial of a legal proposition. *Drake* v. *Cockraft*, 4 E. D. Smith, 34. So, in a suit by a payee of a note, who alleges that he is the owner and holder, a denial that he is the owner and holder puts nothing in issue. *Seeley* v. *Edgell*, 17 Barb., 530. The payee or indorsee of a note is the *prima facie* owner and holder. The allegation that he is so is unnecessary, and if the defendant defends upon the ground that the plaintiff is

not such owner, he should set up the facts showing title in some one else.  *Fleary* v. *Roget*, 5 Sandford, 646.  This citation is taken from Bliss on Code Pleading, § 334, and fully sustains the Court below.  There are many authorities to same purport.  *Bank* v. *Smith*, 33 Mo., 364; *Wedderspoon* v. *Rogers*, 32 Cal., 569, and others.  In *Russell* v. *Clapp*, 4 How. Pr. Rep., 347, it is said: "Under the present system, it is intended to confine the pleadings to a simple statement of facts.  Neither the evidence by which the facts alleged are to be established, nor the legal conclusions to be derived from such facts, can properly be stated.  A complaint is sufficient if it contains a simple statement of facts, which, if proved, will entitle the plaintiff to judgment.  The answer, in like manner, is sufficient if it deny generally all the facts stated in the complaint, or, specifically, any particular fact stated, so as to form an issue of fact upon the matters in the complaint, or, admitting the facts stated in the complaint to be true, if it state other facts which, if proved to be true, will countervail the legal effect of the facts alleged in the complaint.  *  *  *  If the defendant would avoid the plaintiff's right to recover by showing that some other person, and not the plaintiff, is the real party in interest, he must state in his answer such facts as, when established by proof, will enable the Court to say, as matters of law, that the plaintiff is not the real party in interest."

The answer must contain a denial of each material allegation in the complaint, or a statement of any new matter constituting a defence or counter claim.  *The Code*, § 243.  The answer does not do either by merely alleging that the plaintiff is not the owner of the note sued on, while failing to deny any of the allegations of the complaint upon which the legal conclusion of ownership would arise.  The answer should state the facts.  It is suggested, however, that, in cases where the payee is not the plaintiff, the defendant might not be able to protect himself against an action by one who had

stolen the note, because the defendant might not be able to aver the theft on information and belief.   To this it is to be said that, as the plaintiff must aver the facts showing the execution of the note and the assignment or other transfer to himself, the defendant can, as to such transfer or assignment, deny "knowledge or information sufficient to form a belief," and demand strict proof.

The answer raises no issue, and was properly stricken out as sham and irrelevant.   *Wedderspoon* v. *Rogers, supra; The Code,* § 247.

No error.