MILDRED J. LILES v. ALTON R. MYERS T/A MYERS BROTHERS T/A BRENT-
WOOD GRILL

No. 7710DC1044

(Filed 7 November 1978)

**Uniform Commercial Code § 28— promissory note as negotiable instrument—plaintiff's failure to show she was holder**

   A promissory note sued upon by plaintiff was a negotiable instrument since it contained an unconditional promise by defendant to pay a sum certain in currency and no other promise, order, obligation or power given by him, was payable to the order of plaintiff at a definite time, and was signed by the defendant as maker; therefore, prior to being entitled to a judgment against the defendant, plaintiff was required to establish that she was holder of the note at the time of this suit, and for failure to establish this essential element of her claim, she was not entitled to summary judgment. G.S. 25-3-104.

APPEAL by defendant from *Winborne, Judge.* Judgment entered 24 October 1977 in District Court, WAKE County. Heard in the Court of Appeals 22 September 1978.

The plaintiff brought this action seeking to recover $3,200 which she alledged was owed her by the defendant on a promissory note. By her complaint, the plaintiff alleged that she sold the defendant certain items of restaurant equipment on 12 December 1974. In consideration of that sale, the defendant agreed to pay the plaintiff $4,000. Of that sum, $500 was to be paid at the time of the sale, and the remainder, or $3,500, was to be paid according to the terms of a promissory note. The plaintiff's complaint indicated that $800 had been paid pursuant to the note. The plaintiff further alleged that she had demanded payment on the note from the defendant, but he had failed to pay and was justly indebted to her in the amount of $3,200 plus interest. The plaintiff sought to recover that amount from the defendant for his default on the note.

The defendant answered, admitting that he purchased certain items of equipment from the plaintiff for $4,000 but denying all other allegations. The defendant additionally alledged in his answer that the plaintiff had been fully paid for the equipment either in cash or as credit for property which the plaintiff had no right to convey, and that an accord and satisfaction had been reached on the matters set forth in the complaint.

The plaintiff moved for summary judgment and submitted an affidavit in support of her motion. Her affidavit essentially restated certain allegations previously set forth in her verified complaint. The defendant submitted an affidavit in opposition to the plaintiff's motion. He alleged in his affidavit that the plaintiff did not own all of the equipment which she had purported to sell him and which her complaint alleged she had sold him. The defendant further stated in his affidavit that he had not received all of the items of equipment alleged in the complaint and did not owe the plaintiff the amount she sought to recover.

At the hearing on the plaintiff's motion for summary judgment, the trial court allowed a prior motion by the plaintiff to amend her complaint and affidavit to reflect payment of $300 on the note instead of $800 as previously indicated. The trial court then denied the defendant's motion to present oral testimony and granted summary judgment in favor of the plaintiff. The defendant appealed.

*Stephen T. Smith for plaintiff appellee.*

*T. Yates Dobson, Jr. and James W. Narron for the defendant appellant.*

MITCHELL, Judge.

The defendant assigns as error the trial court's entry of summary judgment for the plaintiff and contends that the plaintiff failed to show that she was entitled to judgment as a matter of law. We agree.

The plaintiff attached a photocopy of the note in question to her complaint and incorporated it therein by reference. The copy of the note reveals that it contains an unconditional promise by the defendant to pay a sum certain in currency and no other promise, order, obligation or power given by him. It is payable to the order of the plaintiff at a definite time and was signed by the defendant as maker. The promissory note is, therefore, a negotiable instrument. G.S. 25-3-104. As such, it may be freely transferred by supplying the necessary endorsement and delivering the instrument to the transferee. G.S. 25-3-202.

Prior to being entitled to a judgment against the defendant, the plaintiff was required to establish that she was holder of the

note at the time of this suit. *Schindler v. Ag Aero Distributors, Inc.*, 502 S.W. 2d 581 (Tex. Civ. App. 1973). *See generally* 12 Am. Jur. 2d, Bills and Notes, § 1188, pp. 212-14, and cases referred to therein. This element might have been established by a showing that the plaintiff was in possession of the instrument and that it was issued or endorsed to her, to her order, to bearer or in blank. G.S. 25-1-201(20). It is essential that this element be established in order to protect the maker from any possibility of multiple judgments against him on the same note through no fault of his own. If such proof were not required, the plaintiff could negotiate the instrument to a third party who would become a holder in due course, bring a suit upon the note in her own name and obtain a judgment in her favor. Thereafter, the holder in due course could bring suit upon the note and possibly also obtain a judgment against the defendant. *See, e.g.*, G.S. 25-3-602. Requiring proof that the plaintiff is the holder of the note at the time of her suit reduces the possibility of such an inequitable occurrence.

The requirement that this plaintiff prove her status as a holder of the note is distinguishable from a requirement that she allege that status in her pleadings. In *Deloatch v. Vinson*, 108 N.C. 147, 12 S.E. 895 (1891), *followed in Thompson v. Johnson*, 202 N.C. 817, 164 S.E. 357 (1932), the plaintiff sought to recover on a bond. The defendant answered the plaintiff's complaint and alleged "that he is informed and believes that the plaintiff is not the owner of the bond described in his complaint, and was not the owner thereof at the commencement of this action." This pleading by the defendant was held to be an "illogical pleading" which was "not allowed by The Code." The Court continued by stating that the "payee or endorsee of a note is the *prima facie* owner and holder. The allegation that he is so is unnecessary, and if the defendant defends upon the ground that the plaintiff is not such owner, he should set up facts showing title in some one else." 108 N.C. at 148, 12 S.E. at 896. The Court additionally pointed out that defendants in such cases could protect themselves against unjustifiable claims by exercising the right to "demand strict proof."

The Court in *Deloatch* indicated that it relied upon citations taken from Bliss on Code Pleading in reaching its holding. We distinguish *Deloatch* from the case *sub judice* on the ground that *Deloatch* deals with the technical requirements of code pleading

rather than with the proof required to establish entitlement to judgment as a matter of law within the meaning of G.S. 1A-1, Rule 56(c). Although the pleadings in a particular case may be sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted, they may, nonetheless, be insufficient to entitle the party as a matter of law to a judgment in his favor.

As evidence that a plaintiff is holder of a note is an essential element of a cause of action upon such note, the defendant was entitled to demand strict proof of this element. *See Schindler v. Ag Aero Distributors, Inc.*, 502 S.W. 2d 581 (Tex. Civ. App. 1973) *and* 12 Am. Jur. 2d, Bills and Notes, § 1188, pp. 212-14. By his answer denying the allegations of the complaint, the defendant demanded such strict proof. The incorporation by reference into the complaint of a copy of the note was not in itself sufficient evidence to establish for purposes of summary judgment that the plaintiff was the holder of the note. As the record on appeal fails to reveal that the note itself or any other competent evidence was introduced to show that the plaintiff was the holder of the note, she has failed to prove each essential element of her claim sufficiently to establish her entitlement to summary judgment.

Summary judgment is to be entered if, but only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). Taking every allegation in the plaintiff's complaint and affidavit as true, the plaintiff has failed to establish an essential element of her claim for relief. She has, therefore, failed to show that she is entitled as a matter of law to judgment. The granting of summary judgment in favor of the plaintiff was erroneous.

The defendant additionally contends that his answer and affidavit presented the trial court with a genuine issue of material fact with regard to the affirmative defense of failure of consideration, which made the entry of summary judgment for the plaintiff erroneous. Although we find this contention correct, our prior analysis and holding make its detailed consideration unnecessary.

For the reasons previously set forth, the judgment of the trial court must be and is

Reversed and the cause remanded.

Judges MORRIS and ERWIN concur.