TD BANK, N.A., Plaintiff v. SALVATORE MIRABELLA, Defendant

No. COA11-1178

(Filed 20 March 2012)

**Negotiable Instruments—promissory note—holder of the note— judicial notice of merger—summary judgment erroneous**

> The trial court erred in a case involving a dispute over the payment of a promissory note by allowing plaintiff's motion for summary judgment. Plaintiff failed to show that it was the owner and holder of the promissory note upon which it had sued, plaintiff's alleged merger with the named lender on the note was not appropriate for judicial notice where no evidence of the merger was forecast before the trial court at the summary judgment stage, and plaintiff failed to properly present evidence of a merger to the Court of Appeals.

Appeal by defendant from summary judgment entered 25 July 2011 by Judge F. Lane Williamson in Superior Court, Buncombe County. Heard in the Court of Appeals 9 February 2012.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Esther E. Manheimer, for plaintiff-appellee.*

*Ferikes & Bleynat, PLLC, by Edward L. Bleynat, Jr., for defendant-appellant.*

STROUD, Judge.

**TD BANK, N.A. v. MIRABELLA**

[219 N.C. App. 505 (2012)]

Defendant appeals an order granting summary judgment in favor of plaintiff. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

## I.  Background

On 8 December 2010, plaintiff filed a complaint against defendant alleging "[t]hat the Defendant has failed, refused, and neglected to pay the amount due on" a promissory note ("Note") of which "Plaintiff is the owner and holder[.]" Plaintiff specifically noted that it "has elected to bring suit on the Note without waiving its right to proceed later, if applicable, to foreclosure the Deed of Trust[.]" Plaintiff requested $204,333.91, the amount owed on the Note, plus interest and attorney's fees. On 2 March 2011, defendant answered the complaint and denied that plaintiff is the owner and holder of the Note. On 24 June 2011, plaintiff moved for summary judgment. On 25 July 2011, the trial court entered an order granting summary judgment in favor of plaintiff. Defendant appeals.

## II.  Summary Judgment

The Note in our record is between defendant as borrower and *Carolina First Bank* as lender. The Note provides that " 'You' and 'Your' refer to the Lender." The Note further provides that the borrower "promise[s] to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $224,910.00 (Principal) plus interest from February 23, 2008 on the unpaid Principal balance until this Note matures or this obligation is accelerated." Thus, defendant promised to pay Carolina First Bank or Carolina First Bank's order.

Defendant contends that "the trial court erred in allowing plaintiff's motion for summary judgment[,]" (original in all caps), because "TD Bank failed to show that it was the owner and holder of the promissory note upon which it has sued."

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the non-moving party.

*Mitchell, Brewer, Richardson v. Brewer*, ___ N.C. App. ___, ___, 705 S.E.2d 757, 764–65 (citations and quotation marks omitted), *disc. review denied*, 365 N.C. 188, 707 S.E.2d 243 (2011).

In *Liles v. Myers*, "[t]he plaintiff brought [an] action seeking to recover $3,200 which she alleged was owed her by the defendant on a promissory note." 38 N.C. App. 525, 525, 248 S.E.2d 385, 386 (1978). Thereafter, "[t]he plaintiff moved for summary judgment." *Id.* at 526, 248 S.E.2d at 386. "The trial court . . . granted summary judgment in favor of the plaintiff. The defendant appealed." *Id.* at 526, 248 S.E.2d at 387. This Court stated,

> Prior to being entitled to a judgment against the defendant, the plaintiff was required to establish that she was holder of the note at the time of this suit. This element might have been established by a showing that the plaintiff was in possession of the instrument and that it was issued or endorsed to her, to her order, to bearer or in blank. It is essential that this element be established in order to protect the maker from any possibility of multiple judgments against him on the same note through no fault of his own. . . .
>
> . . . .
>
> As evidence that a plaintiff is holder of a note is an essential element of a cause of action upon such note, the defendant was entitled to demand strict proof of this element. By his answer denying the allegations of the complaint, the defendant demanded such strict proof. The incorporation by reference into the complaint of a copy of the note was not in itself sufficient evidence to establish for purposes of summary judgment that the plaintiff was the holder of the note. As the record on appeal fails to reveal that the note itself or any other competent evidence was introduced to show that the plaintiff was the holder of the note, she has failed to prove each essential element of her claim sufficiently to establish her entitlement to summary judgment.

*Id.* at 526-28, 248 S.E.2d at 387-88 (citations omitted); *see Hotel Corp. v. Taylor*, 301 N.C. 200, 203, 271 S.E.2d 54, 57 (1980) ("G.S. 25-3-301 provides that the holder of a negotiable instrument may enforce payment in his own name. To bring suit on the instrument in his own name, the plaintiff must first establish that he is in fact a holder. The holder of an instrument is defined in G.S. 25-1-201(20) to be one who

**TD BANK, N.A. v. MIRABELLA**

[219 N.C. App. 505 (2012)]

is in possession of an instrument drawn, issued, or indorsed to him or to his order or to bearer or in blank. Where, as in this case, a negotiable instrument is made payable to order, one becomes a holder of the instrument when it is properly indorsed and delivered to him. Mere possession of a note payable to order does not suffice to prove ownership or holder status." (citations and quotation marks omitted)).

Plaintiff argues that it now stands in the place of Carolina First Bank on the Note due to a merger between it and Carolina First Bank. However, neither the complaint nor any other documents in the record which were presented to the trial court reveal any evidence of a merger or explain why plaintiff is TD Bank instead of Carolina First Bank.[1] In *Hotel Corp.*, our Supreme Court stated,

> Plaintiff in this case alleged in its complaint that it became the owner and holder of the note sued upon by merger with indorsee Econo-Travel Corporation. G.S. 55-110(b) provides that in the event of a merger between corporations, the surviving corporation succeeds by operation of law to all of the rights, privileges, immunities, franchises and other property of the constituent corporations, without the necessity of a deed, bill of sale, or other form of assignment. Therefore, if the alleged merger had occurred, then plaintiff, as the surviving corporation, would have succeeded by operation of law to Econo-Travel Corporation's status as owner and holder of the promissory note, and would have had standing to enforce the note in its own name.

> However, plaintiff introduced no evidence to support its allegation of the existence of a merger, choosing instead to rest on its pleadings, which merely contended that a merger had taken place. Since defendant-appellants had met their burden under Rule 56 as movants for summary judgment, it was incumbent upon plaintiff to come forth with evidence to controvert defendant's case, or otherwise suffer entry of summary judgment against it. It would have been a simple matter for plaintiff to present evidence of a merger in a form permitted under Rule 56(c), if a merger had in fact occurred. By resting on its pleadings, plaintiff failed to establish a genuine issue as to whether it was the owner and holder of the note, therefore

---

1. We do not have a transcript, and thus we do not know what plaintiff argued before the trial court. However, we must rely upon the record before us, which indicates that no evidence of the merger was presented before the trial court. *See* N.C.R. App. P. 9(a).

**TD BANK, N.A. v. MIRABELLA**

[219 N.C. App. 505 (2012)]

defendant-appellants were entitled to entry of summary judgment in their favor as a matter of law, and the trial court was correct in so ordering.

301 N.C. at 204-05, 271 S.E.2d at 58.

Plaintiff contends that this "Court can and should take judicial notice of the merger in this appeal, regardless of the record below" and directs this Court's attention to various documents regarding the alleged merger, including documents which appear to have been filed with the Secretary of State of South Carolina. These documents were only provided in the appendix of plaintiff's brief. N.C. Gen. Stat. § 8C-1, Rule 201 provides:

> (a) *Scope of rule.*—This rule governs only judicial notice of adjudicative facts.
>
> (b) *Kinds of facts.*—A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> (c) *When discretionary.*—A court may take judicial notice, whether requested or not.
>
> (d) *When mandatory.*—A court shall take judicial notice if requested by a party and supplied with the necessary information.
>
> (e) *Opportunity to be heard.*—In a trial court, a party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.
>
> (f) *Time of taking notice.*—Judicial notice may be taken at any stage of the proceeding.

N.C. Gen. Stat. § 8C-1, Rule 201 (2007).

Plaintiff argues that this Court should take judicial notice of the merger under either the first or second prong of subsection (b). Plaintiff first contends that the merger is "generally known within the territorial jurisdiction of the trial court[.]" *Id.* We first note that judicial notice of facts "generally known within the territorial jurisdiction" of the court are normally "subjects and facts of common and

general knowledge." *Dowdy v. R. R. and Burns*, 237 N.C. 519, 526, 75 S.E.2d 639, 644 (1953). Some examples of the sorts of facts which have been judicially noticed in North Carolina are that "[i]t is common knowledge that light bulbs burn out unexpectedly and frequently[,]" *Reese v. Piedmont, Inc.*, 240 N.C. 391, 397, 82 S.E.2d 365, 369 (1954) and that "gasoline either alone or mixed with kerosene constitutes a flammable commodity and a highly explosive agent." *Stegall v. Oil Co.*, 260 N.C. 459, 462, 133 S.E.2d 138, 141 (1963). Although we recognize that it may be appropriate for an appellate court to take judicial notice of a bank merger in some situations, we do not believe that the alleged merger of TD Bank and First Carolina Bank falls within the realm of "common and general knowledge." *Dowdy*, 237 N.C. at 526, 75 S.E.2d at 644. Although plaintiff's brief compares the notoriety of its merger to that of Wachovia and Wells Fargo, which at least one federal court has judicially noticed, it appears that these banks are not quite so well-known as Wells Fargo and Wachovia as this panel has never heard of TD Bank or First Carolina Bank, much less of their merger, and thus we cannot say that this purported South Carolina merger is "generally known within the territorial jurisdiction of the trial court[.]" N.C. Gen. Stat. § 8C-1, Rule 201.

Plaintiff next contends that the merger should be judicially noticed because it is a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* Although in certain situations copies of documents certified by the Secretary of State, even a state other than North Carolina, may be "sources whose accuracy cannot reasonably be questioned[,]" we do not deem plaintiff's merger documents to be so here. *Id.* Due to the manner in which plaintiff presented us with its merger documents, we conclude that defendant has reasonably questioned these documents in its reply brief. *See* N.C. Gen. Stat. § 8C-1, Rule 201. Defendant argues,

> [W]e have a claim of an out of state merger of financial institutions, the type of transaction that can be so complex and filled with regulatory and legal compliance directives from the FDIC, state banking authorities, and private arrangements involving transfers of title, exceptions to what is transferred, recourse between parties to the merger, and other qualifications, both in public documents and in confidential business documents, as to strain the lawyerly imagination. While plaintiff's brief on appeal has attached a photocopy of merger documents allegedly filed with the South Carolina Secretary of

**TD BANK, N.A. v. MIRABELLA**

[219 N.C. App. 505 (2012)]

State, a photocopy of an Agreement and Plan of Merger and a photocopy of a Conditional Approval from the Comptroller of Currency, none of these photocopies, which were not produced to the trial court, are certified or authenticated per North Carolina law. Nor does plaintiff make the Court aware of whatever other documents might exist, which might not be part of a public record but which may nonetheless cast light on whether plaintiff is the owner and holder of the note that is a subject of this case, or of any other assets of Carolina First Bank.

As such, we conclude there is a reasonable question as to whether plaintiff did merge with Carolina First Bank.

Plaintiff also argues that judicial notice is mandatory, as it has been "requested by a party[,]" and plaintiff has "supplied . . . the necessary information." We do not consider plaintiff's provision of the alleged merger documents as an appendix to its brief as supplying the necessary information under Rule 201. *See id.* Plaintiff had many options for properly filing its merger documents and yet failed to do so. Plaintiff could have filed an affidavit regarding the alleged merger with the trial court, presented the merger documents as exhibits before the trial court or included the documents in the record on appeal, as a supplement to the record or through a separate motion. Instead, plaintiff provided its only evidence of its alleged merger with First Carolina Bank, a merger which is not even mentioned in the complaint, through the appendix of its brief. Rule 9 of our Rules of Appellate Procedure provides that "[i]n appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9." N.C.R. App. P. 9. In addition, because plaintiff failed to present the merger documents before the trial court, defendant has not had the opportunity to respond fully to the documents included in the appendix to plaintiff's brief and to the extent defendant has responded it has questioned the authenticity of plaintiff's documents. We will therefore not take judicial notice of the alleged merger or its effect upon the transaction in this case.

While in certain situations, taking judicial notice of a bank merger may be appropriate, we do not deem it so in this case, where at the summary judgment stage no evidence of the merger was forecast before the trial court, plaintiff failed to properly present evi-

dence of a merger with this Court, and defendant has specifically contested the authenticity of the merger documents provided in the appendix to plaintiff's brief. However, we do believe that the information presented by plaintiff raises a genuine issue of material fact. We therefore reverse the trial court's order granting summary judgment and remand for further proceedings. *See Mitchell* at ____, 705 S.E.2d at 764.

### III. Conclusion

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion. As we are reversing and remanding this case, we need not address defendant's other arguments on appeal.

REVERSED and REMANDED.

Judge STEPHENS concurs.

Judge BEASLEY concurs in the result only.