NO. COA14-46

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

LIFESTORE BANK, f/k/a AF BANK,
     Plaintiff,

     v.                                    Wilkes County
                                           No. 12 CVS 648
MINGO TRIBAL PRESERVATION TRUST
DATED JANUARY 4, 1993; PITCHFORK
BASIN, LLC, f/k/a EAC REV NO.6,
LLC; TUSCARORA RANCH, LLC AND
ALLEN C. MOSELEY, SUBSTITUTE
TRUSTEE,
     Defendants.


     Appeal by plaintiff from order entered 28 September 2012 by

Judge Stuart Albright and by defendants from order entered 29

August 2013 by Judge George B. Collins, Jr., both in Wilkes

County Superior Court.  Heard in the Court of Appeals 7 May

2014.


     *Di Santi Watson Capua Wilson & Garrett, by Chelsea Bell
     Garrett, for plaintiff-appellant.*

     *Hamilton Stephens Steele & Martin, PLLC, by Keith J.
     Merritt, for defendant-appellants.*


     BRYANT, Judge.


     A creditor can seek to enforce payment of a promissory note

by pursuing foreclosure by power of sale, judicial foreclosure,

or by filing for a money judgment, or all three options, until the debt has been satisfied. The "two dismissal rule" of Rule 41 does not bar a creditor from bringing an action for *judicial foreclosure* or for money judgment where the creditor has filed and then taken voluntary dismissals from two prior actions for foreclosure by power of sale. Collateral estoppel is not applicable where a final judgment in an action has not been reached. Where there exists genuine issues of material fact as to whether a creditor is the holder of an enforceable instrument, summary judgment is not appropriate.

A. The Tuscarora Note

On 12 February 2007, defendant Mingo Tribal Preservation Trust ("Mingo") entered into a promissory note with plaintiff Lifestore Bank ("Lifestore") for $2,450,000.00 (the "Tuscarora Note"). The Tuscarora Note was secured by a deed of trust on property in Wilkes County owned by defendant Tuscarora Ranch, LLC ("Tuscarora").

On 1 December 2010, Lifestore initiated a foreclosure by power of sale proceeding against Mingo and Tuscarora, alleging that Mingo was in default on the Tuscarora Note. The Wilkes County Clerk of Court entered an order finding that Mingo was in default and Lifestore could conduct a foreclosure by power of

sale of the Tuscarora property. Mingo appealed to the Superior Court, and on 8 March 2011, the Wilkes County Superior Court affirmed the Clerk's order allowing Lifestore to foreclose on the Tuscarora property. On 6 April 2011, Mingo appealed the Superior Court's order to this Court and filed a motion to stay enforcement of the Superior Court's order. Mingo's motion to stay was granted on 15 April. After filing its appeal with this Court on 26 August, Mingo and Lifestore agreed to file a joint motion to dismiss the appeal which was granted by this Court. On 10 October 2011, Lifestore entered a voluntary dismissal without prejudice as to the foreclosure by power of sale action.

On 7 December 2011, Lifestore filed a second foreclosure by power of sale action against Mingo and Tuscarora alleging that Mingo had defaulted on the Tuscarora Note. On 8 March 2012, the Clerk of Court entered an order allowing the foreclosure. Mingo appealed the order to the Wilkes County Superior Court. Lifestore entered a voluntary dismissal as to the foreclosure by power of sale on 13 July 2012.

B. The EAC Note

On 8 February 2008, Mingo entered into a new promissory note for $1,800,000.00 with Lifestore. To secure this loan, Lifestore took a security interest in a promissory note held

between Mingo and Pitchfork Basin, f/k/a EAC ("EAC"). The promissory note between Mingo and EAC (the "EAC Note") was entered into on 21 November 2006 and was secured by a deed of trust between EAC and Mingo.

On 1 December 2010, Lifestore filed a foreclosure by power of sale action against Mingo and EAC alleging that Mingo had defaulted on the EAC Note and Lifestore could, therefore, foreclose on the EAC deed of trust. The Wilkes County Clerk of Court entered an order that same day finding that Lifestore could foreclose; this order was appealed to the Wilkes County Superior Court. On 8 March 2011, the Superior Court affirmed the Clerk of Court's order allowing the foreclosure. Mingo and EAC appealed to this Court on 6 April 2011; on 7 October 2011, Lifestore took a voluntary dismissal without prejudice.

On 7 December 2011, Lifestore filed a second foreclosure by power of sale action against Mingo and EAC alleging that Mingo had defaulted on the EAC Note. The Clerk of Wilkes County Superior Court entered an order on 8 March 2012 allowing the foreclosure; Mingo and EAC appealed this order to the Superior Court. Lifestore entered an oral notice of voluntary dismissal as to the foreclosure by power of sale on 7 May during the

foreclosure hearing; a written notice of voluntary dismissal was entered 13 July 2012.

C. The Current Complaint

On 6 June 2012, Lifestore filed a complaint against Mingo, Tuscarora, and EAC which asserted three claims for: judgment against Mingo and EAC as to the EAC Note; judgment against Mingo as to the Tuscarora Note; and judicial foreclosure of the Tuscarora and EAC deeds of trust. Mingo, Tuscarora, and EAC ("defendants") filed a motion to dismiss Lifestore's complaint pursuant to Rule 41 of the Rules of Civil Procedure on 17 August 2012. On 28 September 2012, the trial court entered an order denying defendants' motion to dismiss Lifestore's first and second claims for relief, and granting defendants' motion to dismiss as to Lifestore's third claim for judicial foreclosure.

On 8 April 2013, Lifestore filed a motion for judgment on the pleadings pursuant to Rule 12(c) or, in the alternative, for summary judgment pursuant to Rule 56 as to its first and second claims for relief in its complaint. Defendants filed a motion for summary judgment on 23 April. On 29 August 2013, the trial court entered an order allowing Lifestore's motion for summary judgment and denying defendants' motion for summary judgment. Both Lifestore and defendants appeal.

_____

Defendants raise two issues as to whether the trial court erred in (I) denying defendants' motion to dismiss and for summary judgment and (II) in granting judgment in favor of Lifestore on the EAC Note. Plaintiff Lifestore raises the sole issue of whether the trial court erred in (III) dismissing Lifestore's claim for judicial foreclosure.

*I. & III.*

As defendants' first issue on appeal concerns the same matter as that of Lifestore's sole issue on appeal, i.e., whether the trial court erred in its application of the "two dismissal rule" of Rule 41, we address both issues together.

Defendants first argue that the trial court erred in denying their motion to dismiss and for summary judgment. In contrast, Lifestore contends the trial court erred in dismissing its claim for judicial foreclosure. We disagree as to defendants, and agree as to Lifestore.

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003). When a motion for summary judgment is

brought, the trial court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013). The movant "has the burden of establishing the lack of any triable issue of fact." *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citation omitted).

> When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. In addition, [i]f the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal. If the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered.

*Rankin v. Food Lion*, 210 N.C. App. 213, 215, 706 S.E.2d 310, 312—13 (2011) (citations and quotations omitted).

Defendants contend the trial court erred in denying their motion to dismiss and for summary judgment as to Lifestore's first and second claims for relief. Specifically, defendants argue that pursuant to the "two dismissal rule" of Rule 41, Lifestore's claims for judgment on the Tuscarora and EAC

promissory notes were barred. Lifestore, in contrast, argues that its claim for judicial foreclosure is not barred pursuant to the "two dismissal rule" of Rule 41.

*Foreclosure and Rule 41*

A foreclosure under power of sale is a type of special proceeding, to which our Rules of Civil Procedure apply. *See Phil Mech. Constr. Co. v. Haywood*, 72 N.C. App. 318, 320—21, 325 S.E.2d 1, 2—3 (1985). North Carolina Rules of Civil Procedure, Rule 41, states that:

> an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that *a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim.*

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2013) (emphasis added).

> [I]n enacting the two dismissal provision of Rule 41(a)(1), the legislature intended that a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action would operate as an adjudication on the merits and bar a third action based upon the same set of facts.

*Richardson v. McCracken Enters.*, 126 N.C. App. 506, 509, 485 S.E.2d 844, 846 (1997). "The 'two dismissal' rule has two elements: (1) the plaintiff must have filed two notices to dismiss under Rule 41(a)(1) and (2) the second action must have been based on or included the same claim as the first action." *Dunton v. Ayscue*, 203 N.C. App. 356, 358, 690 S.E.2d 752, 753 (2010) (citing *City of Raleigh v. Coll. Campus Apartments, Inc.,* 94 N.C. App. 280, 282, 380 S.E.2d 163, 165 (1989)).

Defendant contends the "two dismissal rule" of Rule 41 bars Lifestore from bringing claims for money judgment on the two promissory notes because the claims for money judgment are based on the same set of facts as Lifestore's motions for foreclosure by power of sale and, therefore, because Lifestore took two voluntary dismissals as to the actions for foreclosure by power of sale, it is now barred under Rule 41 from pursuing its claims for money judgments.

This Court has held that "a creditor-mortgagee such as [Lifestore] has an election of remedies. Upon default, it may sue to collect on the unpaid note or foreclose on the land used to secure the debt, or both, until it collects the amount of debt outstanding." *G.E. Capital Mort. Servs., Inc. v. Neely*, 135 N.C. App. 187, 192, 519 S.E.2d 553, 557 (1999) (citation

omitted).  If a creditor seeks to foreclose on property, they may proceed under N.C. Gen. Stat. § 45-21.1 *et seq.* (foreclosure by power of sale), or under N.C. Gen. Stat. § 1-339.1 *et seq.* (judicial foreclosure). *See In re Young*, ___ N.C. App. ___, ___, 744 S.E.2d 476, 480 (2013).

> At a foreclosure [by power of sale] hearing pursuant to N.C. Gen.[]Stat. § 45-21.16, the clerk of superior court is limited to making the six findings of fact specified under subsection (d) of that statute: (1) the existence of a valid debt of which the party seeking to foreclose is the holder; (2) the existence of default; (3) the trustee's right to foreclose under the instrument; (4) the sufficiency of notice of hearing to the record owners of the property; (5) the sufficiency of pre-foreclosure notice . . .; and (6) the sale is not barred by section 45-21.12A [pursuant to] N.C. Gen. Stat. § 45-21.16(d)[.]  The clerk's findings are appealable to the superior court for a hearing de novo; however, in a section 45-21.16 foreclosure proceeding, the superior court's authority is similarly limited to determining whether the six criteria of N.C. Gen.[]Stat. § 45-21.16(d) have been satisfied.

*Id*. at ___, 744 S.E.2d at 479 (citations omitted).

Lifestore first sought to foreclose on defendants' property by filing, then taking voluntary dismissals from, two actions for foreclosure by power of sale stemming from defendants' default upon the two promissory notes.  In Lifestore's instant (and third) complaint, Lifestore now seeks to obtain money

judgments against defendants as to the two promissory notes. While a foreclosure by power of sale is a type of special proceeding, limited in scope and jurisdiction, in which the clerk of court determines whether a foreclosure pursuant to a power of sale should be granted, a claim for money judgment arising from a default upon a promissory note must be brought through the filing of a complaint in a civil action. *See id.* at \_\_\_, 744 S.E.2d at 479 (noting that in an action for foreclosure by power of sale, "[t]he clerk's findings are appealable to the superior court for a hearing de novo; however, in a section 45-21.16 foreclosure [by power of sale] proceeding, the superior court's authority is similarly limited to determining whether the six criteria of N.C. Gen.[]Stat. § 45-21.16(d) have been satisfied.  The superior court has no equitable jurisdiction and cannot enjoin foreclosure upon any ground other than the ones stated in [N.C. Gen.[]Stat. § ] 45-21.16." (citations and quotation omitted)); *United Carolina Bank v. Tucker*, 99 N.C. App. 95, 98, 392 S.E.2d 410, 411 (1990) ("A foreclosure by power of sale is a special proceeding commenced without formal summons and complaint and with no right to a jury trial." (citation omitted)).  As such, an action for foreclosure by power of sale differs from a claim for money judgment, as while both actions

may concern the same parties, property, and promissory note(s), each action must be brought separately due to a foreclosure by power of sale being of limited jurisdiction and scope.

In its order granting Lifestore's motion for summary judgment, the trial court noted the following:

> Defendants contend that the "two dismissal rule" of Rule 41 of the North Carolina Rules of Civil Procedure gives them an absolute defense, not only to Claim Three of the complaint (upon which Defendants have previously prevailed on their Motion for Summary Judgment and which is therefore not before this Court)[1] but also to Claims One and Two of the Complaint.

> Claims One and Two of the complaint seek a money judgment against the Defendants for failure to pay debts. Claim Three seeks to have the Court order a judicial foreclosure of certain real property that allegedly served as security for said debts. [Lifestore] had previously filed two successive foreclosure actions pursuant to Chapter 45 of the North Carolina General Statutes under the Trustee's power of sale provision. [Lifestore] had voluntarily dismissed both actions under Rule 41.

> [Lifestore] argues that the "two dismissal rule" does not apply to foreclosures pursuant to Chapter 45, citing a case from the North Carolina Court of Appeals that predated the enactment of broad amendments to Chapter 45. Defendant argues

---

[1] The trial court is referring to Judge Albright's 28 September 2012 order granting defendants' motion to dismiss Lifestore's third claim for relief for judicial foreclosure, from which Lifestore now appeals (*Issue III*).

that the plain language of the Rules of Civil Procedure make them apply to Chapter 45 unless provided otherwise by law. This Court need not address this issue because it finds that the "two dismissal rule" would not apply in this case, even if it does apply to Chapter 45 foreclosures.

In enacting the two dismissal provision of Rule 41(a)(1), the legislature intended that a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action would operate as an adjudication on the merits and bar a third action based upon the same set of facts. Richardson v. McCracken Enters., 126 N.C. App. 506, 509; 485 S.E.[]2d 844, 846 (1997)[,] aff'd, 347 N.C. 660, 496 S.E.[]2d 380 (1998). The test is whether the actions are claims based upon the same core of operative facts and whether all of the claims could have been asserted in the same cause of action. Id.

Here, while Claims One and Two of the Complaint are based on the same core of operative facts as the foreclosure actions, they are not claims that could have been asserted in the foreclosure actions and therefore are not barred by Rule 41. A foreclosure action only allows the sale of property. While it is true that the Clerk must find a valid debt, the action itself does not allow for the entry of a judgment on that debt.

Defendants contend the trial court erred in its analysis of *Richardson* as Rule 41 only requires a determination of "whether the actions are claims based upon the same core of operative

facts." Defendants' argument lacks merit, as the trial court was accurate in its analysis of *Richardson*.

In *Richardson*, the plaintiffs filed an action against the defendant oil company alleging trespass, strict liability, negligence, and punitive damages caused by the defendant allowing diesel fuel and oil to leak onto the plaintiffs' property. *Richardson*, 126 N.C. App. at 507, 485 S.E.2d at 845. The plaintiffs voluntarily dismissed their claims without prejudice and then filed a new action against the defendant for nuisance based on the same facts as alleged in the first action. *Id.* The plaintiffs then voluntarily dismissed their second action without prejudice and filed a third action containing all of the claims asserted in their first and second actions. *Id.* The defendant moved for summary judgment, arguing that the plaintiffs' third action was barred under the "two dismissal rule" of Rule 41. *Id.* The trial court granted the defendant's motion and this Court affirmed, noting that where the two previously dismissed actions "asserted claims based upon the same core of operative facts relating to the contamination of plaintiffs' property, and all of the claims could have been asserted in the same cause of action[,]" Rule 41(a)(1) barred the plaintiffs' third action. *Id.* at 509, 485 S.E.2d at 846—47.

*Richardson* is distinguishable from the instant matter, as Lifestore's claims for foreclosure by power of sale could not, as a form of special proceeding, be brought in the same action as a claim for money judgment on a promissory note. As such, we disagree with defendants' contention the trial court erred in holding that Rule 41's "two dismissal rule" is not applicable to Lifestore's claims for money judgment.

Defendants further argue that Lifestore's claims for money judgment are barred under the "two dismissal rule" of Rule 41 because Lifestore's voluntary dismissals of its actions for foreclosure by power of sale are, under Rule 41, an adjudication on the merits. We disagree.

Lifestore pursued two foreclosures by power of sale under N.C.G.S. § 45-21.16(a) each against Mingo and EAC, 10 SP 423 and 11 SP 395, and against Mingo and Tuscarora, 10 SP 424 and 11 SP 394. Lifestore subsequently took voluntary dismissals of each foreclosure by power of sale action. As such, the "two dismissal rule" of Rule 41 applies here for, by taking two sets of voluntary dismissals as to its claims for foreclosure by power of sale, the second set of voluntary dismissals is an adjudication on the merits which bars Lifestore from undertaking

a third foreclosure by power of sale action pursuant to N.C.G.S. § 45-21.16(a).

However, in the instant matter Lifestore has now filed a complaint seeking, in addition to money judgments, judicial foreclosure against defendants. As already noted, a creditor may pursue foreclosure, money judgment, or both in order to collect on a debt. *See G.E. Capital Mort. Servs.*, 135 N.C. App. at 192, 519 S.E.2d at 557. This Court has more recently held that a creditor seeking to foreclose on property can do so under both N.C.G.S. § 45-21 *et seq.*, foreclosure by power of sale, and N.C.G.S. § 1-336 *et seq.*, judicial foreclosure. *In re Young*, ___ N.C. App. at ___, 744 S.E.2d at 480.

In *In re Young*, the respondents defaulted on their loan with the petitioner. *Id*. at ___, 744 S.E.2d at 477—48. The respondents then agreed to a loan modification agreement with the petitioner and began making payments in accordance with the agreement. *Id*. at ___, 744 S.E.2d at 478. The petitioner alleged that the loan modification was never finalized and demanded that the respondents return to making payments under the terms of the original loan, but the respondents refused. *Id*. The petitioner subsequently filed for a foreclosure by power of sale, and during the special proceeding hearing the

clerk of court dismissed the petitioner's action on grounds that the petitioner never finalized the loan modification agreement with the respondents. *Id*. On appeal to Superior Court, the petitioner's action for foreclosure was again dismissed on grounds that because the petitioner had begun to undertake a loan modification agreement with the respondents, the petitioner's action for foreclosure was now barred by equitable estoppel. *Id*. This Court vacated and remanded the petitioner's appeal for a determination of subject matter jurisdiction, but noted that if the petitioner was now barred from pursuing a foreclosure by power of sale, the petitioner could still pursue a judicial foreclosure. *Id*. at ___, 744 S.E.2d at 478—80.

Lifestore argues that the trial court erred in dismissing its claim for judicial foreclosure. We agree, and find *In re Young* to be instructive. This Court noted in *Young* that a judicial foreclosure differs from a foreclosure by power of sale in that a judicial foreclosure is not a type of special proceeding and, as such, can be pursued by a creditor after a foreclosure by power of sale has failed. *See id*. at ___, 744 S.E.2d at 480 (holding that if the petitioner's action for foreclosure by power of sale was now barred, "[p]etitioner's remedy would then be limited to judicial foreclosure procedures

pursuant to N.C. Gen. Stat. § 1-339.1 *et seq.*, rather than the summary proceedings provided under N.C. Gen. Stat. § 45-21.1 *et seq.*"); *see also Phil Mech. Constr. Co.*, 72 N.C. App. at 321, 325 S.E.2d at 3 ("Foreclosure by action requires formal judicial proceedings initiated by summons and complaint in the county where the property is located and culminating in a judicial sale of the foreclosed property if the mortgagee prevails." (citation omitted)). As a judicial foreclosure is not a type of special proceeding limited in scope and jurisdiction, the "two dismissal rule" of Rule 41 is not applicable to Lifestore's claim for judicial foreclosure as Lifestore could not have brought a claim for judicial foreclosure in the same action as its claims for foreclosure by power of sale. *See Richardson*, 126 N.C. App. at 508—09, 485 S.E.2d at 846—47 (holding that the "two dismissal rule" of Rule 41 does not apply where all of a party's claims could not be asserted in the same action). Accordingly, the trial court erred in finding that Lifestore's claim for judicial foreclosure was barred under the "two dismissal rule" of Rule 41. We therefore reverse as to Lifestore's argument.

### *Collateral Estoppel*

Defendants further contend the trial court erred in granting Lifestore's motion for summary judgment because

Lifestore's two voluntary dismissals of its actions for foreclosure by power of sale now act as collateral estoppel upon Lifestore's claims for money judgment. We disagree.

> For collateral estoppel to bar plaintiff's action, defendants must show: (1) the earlier action resulted in a final judgment on the merits, (2) the issue in question is identical to an issue actually litigated in the earlier suit, (3) the judgment on the earlier issue was necessary to that case and (4) both parties are either identical to or in privity with a party or the parties from the prior suit.

*Bee Tree Missionary Baptist Church v. McNeil*, 153 N.C. App. 797, 799, 570 S.E.2d 781, 783 (2002) (citations omitted).

Defendants cite three cases in support of their contention that collateral estoppel applies to Lifestore's claims for money judgment: *Petri v. Bank of Am.*, No. COA13-907, 2014 N.C. App. LEXIS 157 (Feb. 4, 2014); *Haughton v. HSBC Banks USA*, No. COA12-420, 2013 N.C. App. LEXIS 92 (Feb. 5, 2013); and *Peak Coastal Ventures, LLC v. Suntrust Bank*, No. 10 CVS 6676, 2011 NCBC LEXIS 13 (N.C. Sup. Ct., Forsyth Cnty., May 5, 2011).[2]

---

[2] Pursuant to Rule 30(e) of our Rules of Appellate Procedure, "[a]n unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority. Accordingly, citation of unpublished opinions in briefs, memoranda, and oral arguments in the trial and appellate divisions is disfavored[.]" N.C. R. App. Proc. 30(e)(3) (2014). As such, these cases cited by defendants are not controlling authority upon this Court. Moreover, we decline to consider

*Petri* and *Haughton* are not applicable to the instant case. In *Petri* and *Haughton*, final judgments were reached in foreclosure proceedings against the plaintiffs; none of the plaintiffs appealed. *Petri* at *1-3; *Haughton* at *1-3. When the plaintiffs later filed complaints relating back to the foreclosure proceedings, the trial court held, and this Court affirmed, that the plaintiffs' complaints were barred by collateral estoppel because the issues raised in the complaints had already been decided in final judgments reached in the foreclosure proceedings. *Petri* at *5—10; *Haughton* at *3—11.

Here, Lifestore took two sets of voluntary dismissals from its foreclosure by power of sale actions against defendants. The first voluntary dismissal was taken after defendants had appealed to this Court, and the second was taken during the Superior Court's hearing on defendants' appeal of the Clerk of Court's order granting Lifestore foreclosure by power of sale. In each instance, no final judgment was reached. As such, although Lifestore is barred from bringing a third action for foreclosure by power of sale due to the application of Rule 41, collateral estoppel is not applicable because a final judgment was not reached. *See First Union Nat'l Bank v. Richards*, 90

---

defendants' arguments as to *Peak Coastal Ventures* as this opinion is not from our appellate courts.

N.C. App. 650, 653, 369 S.E.2d 620, 621 (1988) (holding that a final judgment has not been reached in a case where a plaintiff has not abandoned, dismissed, or withdrawn its appeal, "but rather took a voluntary dismissal of the action."). Further, as already discussed the nature of these actions — foreclosure by power of sale, judicial foreclosure, and money judgment — are such that these actions, and the issues raised in each, differ. Accordingly, although Lifestore's two claims for foreclosure by power of sale are now barred under Rule 41, Rule 41 does not bar Lifestore from bringing its current claims for money judgment and judicial foreclosure against defendants, nor are Lifestore's current claims barred by collateral estoppel. Therefore, we overrule defendants' argument (*Issue I*) and reverse as to Lifestore's argument (*Issue III*).

*II.*

Defendants next contend the trial court erred in granting judgment in favor of Lifestore on the EAC Note. We agree.

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the

non-moving party.

*TD Bank, N.A. v. Mirabella*, ___ N.C. App. ___, ___, 725 S.E.2d 29, 30 (2012) (citation omitted).

Defendants argue that the trial court erred in finding Lifestore was entitled to a judgment against EAC on the EAC Note because Lifestore failed to prove that it is the holder of the note. In its order, the trial court noted the following:

> Defendants also argue that [Lifestore] cannot obtain a judgment against EAC/Pitchfork Basin, LLC because it cannot prove and has not alleged that it is the holder of the Note made to [Mingo] by EAC/Pitchfork LLC and assigned to [Lifestore]. This argument fails because the record in the case shows that [Lifestore] has met the requirements of North Carolina General Statutes Section 25-9-203(b)(3)(a).

Pursuant to North Carolina General Statutes, Article 9 — Secured Transactions, "[a] security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral[.]" N.C. Gen. Stat. § 25-9-203(a) (2013).

> [A] security interest is enforceable against the debtor and third parties with respect to the collateral only if:
>
> (1) Value has been given;
>
> (2) The debtor has rights in the collateral or the power to transfer rights in the

collateral to a secured party; and

> (3) . . . The debtor has authenticated a security agreement that provides a description of the collateral[.]

*Id*. § 25-9-203(b)(1), (2), (3)(a) (2013).

As part of the EAC Note between Mingo and Lifestore, Mingo executed an assignment of note which granted Lifestore a security interest in the deed of trust between EAC and Mingo. We agree with the trial court that Lifestore has met the requirements of N.C.G.S. § 25-9-203(b)(3)(a), as the record indicates that Lifestore gave value to Mingo (via a promissory note for $1,800,000.00) in exchange for a security interest in collateral (the deed of trust between Mingo and EAC), as provided in an authenticated security agreement (the assignment of note between Lifestore and Mingo).

Lifestore, as the holder of an enforceable instrument (the assignment of note) may seek to enforce payment of that instrument. *See TD Bank*, ___ N.C. App. at ___, 725 S.E.2d at 31. However, Lifestore must prove that it is the holder of the instrument, and "[t]he requirement that [Lifestore] prove [its] status as a holder of the note is distinguishable from a requirement that [Lifestore] allege that status in [its] pleadings." *Liles v. Myers*, 38 N.C. App. 525, 527, 248 S.E.2d

385, 387 (1978). "Mere possession of a note payable to order does not suffice to prove ownership or holder status." *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 203, 271 S.E.2d 54, 57 (1980) (citations omitted).

Here, Lifestore attached photocopies of the assignment of note executed between itself (as AF Bank) and Mingo and the EAC Note to its complaint. Lifestore did not provide the actual documents during the trial court's hearing on the parties' motions for summary judgment however, and defendants filed an affidavit containing an email from Lifestore in which Lifestore admitted it was not in possession of the original EAC Note. Further, Lifestore did not provide evidence establishing it as the holder of the EAC Note during the trial court's hearing. Lifestore contends that although the EAC Note may be lost, it remains the holder of the note and is, thus, entitled to enforce it.

We find that *Liles v. Myers* is applicable to the instant case. In *Liles*, the plaintiff brought an action for money judgment against the defendant alleging the defendant had defaulted upon a promissory note. *Liles*, 38 N.C. App. at 525, 248 S.E.2d at 386. The plaintiff then filed a motion for

summary judgment which the trial court granted. This Court reversed, noting that:

> Prior to being entitled to a judgment against the defendant, the plaintiff was required to establish that she was [the] holder of the note at the time of this suit. This element might have been established by a showing that the plaintiff was in possession of the instrument and that it was issued or endorsed to her, to her order, to bearer or in blank. It is essential that this element be established in order to protect the maker from any possibility of multiple judgments against him on the same note through no fault of his own.

> . . .

> As evidence that a plaintiff is holder of a note is an essential element of a cause of action upon such note, the defendant was entitled to demand strict proof of this element. By his answer denying the allegations of the complaint, the defendant demanded such strict proof. The incorporation by reference into the complaint of a copy of the note was not in itself sufficient evidence to establish for purposes of summary judgment that the plaintiff was the holder of the note. As the record on appeal fails to reveal that the note itself or any other competent evidence was introduced to show that the plaintiff was the holder of the note, she has failed to prove each essential element of her claim sufficiently to establish her entitlement to summary judgment.

*Id.* at 526—28, 248 S.E.2d at 387—88 (citations omitted).

Here, defendants demanded strict proof that Lifestore is the holder of the EAC Note. Lifestore attached a copy of the assignment of note and the EAC Note to its complaint, but admitted at the trial court's hearing that it could not find the original documents. *See id*. Accordingly, as there remain genuine issues of material fact as to whether Lifestore is the holder of the EAC Note and can, therefore, enforce it, we must reverse and remand as to this issue.

Affirmed in part; reversed in part; and remanded.

Judges CALABRIA and GEER concur.